*E-Filed 2/3/11*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

ROBERT CHACANACA, et al.,

        Plaintiffs,

  v.

THE QUAKER OATS COMPANY,

        Defendant.
_____/

No. C 10-0502 RS

**ORDER DENYING PLAINTIFF'S MOTION TO CONSOLIDATE AND APPOINT INTERIM CLASS COUNSEL WITHOUT PREJUDICE**

I. INTRODUCTION

Plaintiff Victor Guttmann moves to consolidate two new civil, putative class action matters with the underlying case, *Chacanaca, et al. v. Quaker Oats Company*, C 10-0502 RS ("the *Chacanaca* matter"). Guttmann also moves to appoint his counsel, the Weston Firm, as interim class counsel. Such an appointment would exclude counsel to the second plaintiff in the *Chacanaca* matter: the Beck and Lee Firm, who represents plaintiff Chacanaca. The two new cases were filed in this District, subsequent to the filing of the *Chacanaca* matter, and involve allegations against the same defendant: the Quaker Oats Company ("Quaker"). The cases are captioned, respectively, *Yrene v. Quaker Oats Company*, C 10-5389 RS ("the *Yrene* matter") and *Yumal, et al. v. Quaker Oats Company*, C 10-5538 RS ("the *Yumal* matter").

The *Yrene* and *Yumal* matters were related by order of this Court on December 29, 2010. Guttmann argues here that the three actions involve a common question of law or fact, and asks this Court to consolidate them into a single case, for all purposes. The Chacanaca plaintiff opposes, if not actually the notion of consolidation, consolidation at this juncture. He notes that two *additional* putative class actions were filed recently against Quaker—one in this District and one in the Northern District of Illinois. Chacanaca suggests these are putative class actions that allege "substantially similar" claims against Quaker. They are captioned *Askin v. Quaker Oats Company*, C 11-0111 (N.D. Ill.) and *Pelobello v. Quaker Oats Company*, C 11-0093 (N.D. Cal.). The plaintiff in *Askin*, moreover, has filed a motion with the Judicial Panel on Multidistrict Litigation seeking transfer of *all* the trans fat cases filed against Quaker to a single district and formation of an MDL suit. Chacanaca suggests it would preserve judicial resources to decide the question of consolidation at a time when all cases subject to consolidation are before the decisionmaker. Chacanaca further asks the Court to stay all proceedings pending a decision from the MDL panel. Quaker agrees.

## II. LEGAL STANDARD

"If actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." Fed. R. Civ. P. 42(a)(2). District courts have broad discretion under this rule to consolidate cases pending in the same district. *Investors Research Co. v. U.S. Dist. Court for Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989). In deciding whether to consolidate actions under Rule 42(a), the court must balance the savings of time and effort consolidation will produce against any inconvenience, delay, or expense that it would cause. *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984).

While a district court need not stay a matter or even defer a ruling on a motion in a case that is referred to the MDL panel, it has the power to do so. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (power to stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"). District courts in this Circuit faced with a similar dilemma have examined three factors: (1) potential

No. C 10-0502 RS
ORDER

prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; (3) judicial resources saved by avoiding duplicative litigation if the cases are in fact consolidated by the MDL panel. *See, e.g.*, *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997).

### III.  DISCUSSION

In light of the motion pending before the MDL panel, it would be premature to grant either Guttmann's motion for consolidation or his motion to appoint interim class counsel. The parties indicated at oral argument, first, that briefing is due before the panel on February 4, 2011, and, second, that a hearing before the panel will be scheduled shortly thereafter. The panel may decide that these five cases are suitable for treatment under the MDL umbrella or it may not; either way, its determination will significantly aid this Court in this or any future consolidation determination. Particularly as it is possible that the two plaintiff sets in *Pelobello* and *Askin* might be subject to a future consolidation motion, it also would be premature to appoint interim class counsel. Accordingly, Guttmann's motion shall be denied without prejudice in its entirety.

Additionally, no plaintiff has persuasively demonstrated that he or she shall be greatly prejudiced by a temporary stay. Moreover, such a stay promises to preserve resources (of both the defendant as well as this Court). All proceedings—with the exception of the limited discovery discussed at the motion hearing, including the entry of a protective order—shall be stayed in the *Chacanaca*, *Yrene*, and *Yumal* actions pending a decision by the MDL panel as to the status of this case. All hearings scheduled prior to that time are accordingly vacated. The parties are instructed to notify the Court in writing when the MDL panel has reached a decision.

IT IS SO ORDERED.

Dated: 2/3/11

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE