# UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: QUAKER OATS TRANS-FAT
MARKETING AND SALES PRACTICES LITIGATION                    MDL No. 2230

## ORDER DENYING TRANSFER

**Before the Panel**:[*] Plaintiff in the action pending in the Northern District of Illinois has moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the Northern District of Illinois. The litigation currently consists of four actions pending in the Northern District of California and one action in the Northern District of Illinois, as listed on Schedule A.

One of the two plaintiffs in the first-filed Northern District of California action, Robert Chacanaca, supports the motion. All other responding plaintiffs, including Victor Guttman the other plaintiff in the *Chacanaca* action, and sole defendant The Quaker Oats Co. (Quaker Oats) oppose centralization. If the Panel deems centralization appropriate, opposing plaintiffs suggest centralization in the Northern District of California, while Quaker Oats states that either suggested district would be an appropriate transferee forum.

On the basis of the papers filed and hearing session held, the Panel is not persuaded that Section 1407 centralization would serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation. Given that there are five actions pending in two districts and four of these actions are already underway as related cases in the Northern District of California, movant has failed to convince us that Section 1407 transfer is appropriate at this time. Quaker Oats is the sole defendant and one law firm represents at least one plaintiff in three of the four Northern District of California actions. The parties therefore have every ability to cooperate and minimize the possibilities of duplicative discovery and inconsistent pretrial rulings between the four Northern District of California actions and the sole outlying Northern District of Illinois action. *In re General Mills, Inc., Yoplus Yogurt Prods. Mktg. & Sales Practices Litig.*, 716 F. Supp. 2d 1371 (J.P.M.L. 2010). *See, e.g., In re Eli Lilly and Co. (Cephalexin Monohydrate) Patent Litig.*, 446 F. Supp. 242, 244 (J.P.M.L. 1978); *see also Manual for Complex Litigation, Fourth*, § 20.14 (2004). The filing

---

[*] Panel members who potentially are members of a yet-to-be certified class in this litigation have renounced their participation in any such class and have participated in this decision. To the extent that such an interest is later determined for any reason to survive the renunciation, the Panel invokes the "rule of necessity" in order to provide the forum created by the governing statute, 28 U.S.C. § 1407. *See In re Wireless Telephone Radio Frequency Emissions Prods. Liab. Litig.*, 170 F.Supp.2d 1356, 1357-58 (J.P.M.L.2001).

-2-

of an additional case in the Northern District of Illinois and the initiation of Section 1407 proceedings by those attorneys is insufficient reason at this point to centralize these proceedings.

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| | |
|---|---|
| Kathryn H. Vratil | David R. Hansen |
| W. Royal Furgeson, Jr. | Frank C. Damrell, Jr. |
| Barbara S. Jones | Paul J. Barbadoro |

**IN RE: QUAKER OATS TRANS-FAT**
**MARKETING AND SALES PRACTICES LITIGATION**       MDL No. 2230

## SCHEDULE A

<u>Northern District of California</u>

Elaine Pelobello v. The Quaker Oats Company, C.A. No. 3:11-00093
Robert Chacanaca, et al. v. The Quaker Oats Company, C.A. No. 5:10-00502
Sonya Yrene v. The Quaker Oaks Company, C.A. No. 5:10-05398
Kelly Bruno, et al. v. The Quaker Oats Company, C.A. No. 5:10-05538

<u>Northern District of Illinois</u>

Daniel Askin v. The Quaker Oats Company, C.A. No. 1:11-00111