| | |
|---|---|
| **THE WESTON FIRM** | **LAW OFFICES OF RONALD A.** |
| GREGORY S. WESTON (239944) | **MARRON, APLC** |
| *greg@westonfirm.com* | RONALD A. MARRON (175650) |
| JACK FITZGERALD (257370) | *ron@consumersadvocates.com* |
| *jack@westonfirm.com* | SKYE RESENDES (278511) |
| MELANIE PERSINGER (275423) | *skye@consumersadvocates.com* |
| *mel@westonfirm.com* | ALEXIS WOOD (270200) |
| 1405 Morena Blvd., Suite 201 | *alexis@consumersadvocates.com* |
| San Diego, CA 92110 | 3636 4th Avenue, Suite 202 |
| Telephone:   (619) 798-2006 | San Diego, CA 92103 |
| Facsimile:    (480) 247 4553 | Telephone:   (619) 696-9006 |
| | Facsimile:    (619) 564-6665 |

**Interim Class Counsel**

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE QUAKER OATS LABELING LITIGATION** | Case No: 5:10-cv-0502-RS<br>Pleading Type: Class Action<br><br>**PLAINTIFFS' NOTICE OF MOTION, MOTION, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE A**<br><br>Judge: The Hon. Richard Seeborg<br>Action Filed: February 3, 2010<br>Hearing Date: March 7, 2013<br>Time: 1:30 p.m.<br>Location: Courtroom 3, 17th floor |

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...................................................................................................... ii

NOTICE OF MOTION ................................................................................................................ 1

STATEMENT OF ISSUES ......................................................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES .............................................................. 1

      I.      INTRODUCTION .................................................................................................. 1

      II.     STANDARD........................................................................................................... 2

      III.    ARGUMENT ......................................................................................................... 3

            A.     Mere Denials of Plaintiff's Allegations Are Not Proper Affirmative Defenses ................................................................................................... 3

            B.     Defenses Pled Without Sufficient Factual Specificity Fail to Give Plaintiff Fair Notice ................................................................................. 6

            C.     Reservations of Affirmative Defenses Are Improper ............................... 8

      IV.    CONCLUSION ...................................................................................................... 8

# TABLE OF AUTHORITIES

**Cases**

*Ansari v. Elec. Document Processing, Inc.*,
    2012 U.S. Dist. LEXIS 128622 (N.D. Cal. Sept. 10, 2012) ............................................2, 4, 5

*Autodesk, Inc. v. Dassault Systemes Solidworks Corp.*,
    685 F. Supp. 2d 1001 (N.D. Cal. 2009) ...........................................................................4

*Barnes v. AT&T Pension Benefit Plan*,
    718 F. Supp. 2d 1167 (N.D. Cal. 2010) ...................................................................... passim

*Bonshahi v. FedEx Corp.*,
    2012 U.S. Dist. LEXIS 119013 (N.D. Cal. Aug. 22, 2012) ..............................................7

*Fantasy, Inc. v. Fogerty*,
    984 F.2d 1524 (9th Cir. 1993) ........................................................................................2, 3

*Federal Deposit Ins. Corp. v. Main Hurdman*,
    655 F. Supp. 259 (E.D. Cal. 1987) ..............................................................................1, 3, 4

*FTC v. N. Am. Mktg. & Assocs., LLC*,
    2012 U.S. Dist. LEXIS 150102 (D. Ariz. Oct. 17, 2012) .................................................7

*G & G Closed Circuit Events, LLC v. Nguyen*,
    2011 U.S. Dist. Lexis 144435 (N.D. Cal., Dec. 15, 2011) ...............................................7

*Ganley v. County of San Mateo*,
    2007 U.S. Dist. LEXIS 26467 (N.D. Cal. Mar. 22, 2007) ............................................2, 3

*Gonzalez v. Heritage Pac. Fin., LLC*,
    2012 U.S. Dist. LEXIS 112195 (C.D. Cal. Aug. 8, 2012) .............................................2, 7

*J & J Sports Prods. v. Catano*,
    2012 U.S. Dist. LEXIS 159876 (E.D. Cal. Nov. 6, 2012) ...........................................2, 3, 4

*J & J Sports Prods. v. Mendoza-Govan*,
    2011 U.S. Dist. LEXIS 47075 (N.D. Cal. Apr. 25, 2011) .................................................8

*J&J Sports Prods. v. Jimenez*,
    2010 U.S. Dist. LEXIS 132476 (S.D. Cal. Dec. 15, 2010) ............................................5, 6

*J&J Sports Prods. v. Romero*,
    2012 U.S. Dist. LEXIS 84288 (E.D. Cal. June 18, 2012) .................................................4

*Joe Hand Promotions v. Davis*,
    2012 U.S. Dist. LEXIS 145402 (N.D. Cal. Oct. 9, 2012) ...........................................5, 7, 8

*Joe Hand Promotions, Inc. v. Estrada*,
    2011 U.S. Dist. LEXIS 61010 (E.D. Cal. June 7, 2011)...........................................................4

*Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*,
    677 F.2d 1045 (5th Cir. 1982) ..............................................................................................2

*Methode Elecs., Inc. v. Infineon Techs. Corp.*,
    2000 U.S. Dist. LEXIS 20685 (N.D. Cal. July 13, 2000)......................................................3

*O'Sullivan v. AMN Servs.*,
    2012 U.S. Dist. LEXIS 98560 (N.D. Cal., July 16, 2012).....................................................5

*Oregon Laborers-Employers Trust Funds v. Pacific Fence & Wire Co.*,
    726 F. Supp 786 (D. Or. 1989) .............................................................................................3

*Perez v. Gordon & Wong Law Group, P.C.*,
    2012 U.S. Dist. Lexis 41080 (N.D. Cal., Mar. 26, 2012) ......................................................7

*Prakash v. Pulsent Corp. Emple. Long Term Disability Plan*,
    2008 U.S. Dist. LEXIS 120366 (N.D. Cal. Aug. 20, 2008)...................................................4

*Qarbon.com Inc. v. eHelp Corp.*,
    315 F. Supp. 2d 1046 (N.D. Cal. 2004) ................................................................................7

*Reis Robotics U.S.A., Inc. v. Concept Indus., Inc.*,
    462 F.Supp.2d 897 (N.D. Ill. 2006) ......................................................................................8

*SEC v. Sands*,
    902 F. Supp. 1149 (C.D. Cal. 1995) .....................................................................................2

*Sec. People, Inc. v. Classic Woodworking, LLC*,
    2005 U.S. Dist. LEXIS 44641 (N.D. Cal. Mar. 4, 2005)...................................................2, 6

*Sidney-Vinstein v. A.H. Robins Co.*,
    697 F.2d 880 (9th Cir. 1983) ................................................................................................3

*Solis v. Couturier*,
    2009 U.S. Dist. LEXIS 63271 (E.D. Cal. July 8, 2009) .......................................................3

*Solis v. Zenith Capital, LLC*,
    2009 U.S. Dist. LEXIS 43350 (N.D. Cal. May 8, 2009) ......................................................8

*Woodfield v. Bowman*,
    193 F.3d 354 (5th Cir. 1999) ................................................................................................2

*Wyshak v. City Nat'l Bank*,
    607 F.2d 824 (9th Cir. 1979) ...........................................................................................2, 7

**Rules**

Fed. R. Civ. P. 12(f) ............................................................................................................................. 1, 2

## NOTICE OF MOTION

PLEASE TAKE NOTICE, that on February 28, 2013, at 1:30 p.m., or as soon thereafter as may be heard, in the Courtroom of the Honorable Richard Seeborg, United States District Judge, Northern District of California, located at the San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, Courtroom 3, Plaintiffs Victor Guttmann, Kelley Bruno, Sonya Yrene, and Rebecca Yumul will, and hereby do, move to strike all purported affirmative defenses from Defendant Quaker's Answer to Plaintiffs' First Amended Consolidated Complaint (Dkt. No. 133), pursuant to Federal Rule of Civil Procedure 12(f).

This Motion is based upon this Notice of Motion, the below Memorandum of Points and Authorities, all prior pleadings and proceedings in the action, and all written and oral arguments presented in support of and in opposition to the Motion.

## STATEMENT OF ISSUES

1. Whether Quaker's twenty-nine purported affirmative defenses are insufficiently pled.

2. Whether Quaker's Affirmative Defenses Nos. 1-7, 10-12, 22-24, and 26-29 are cognizable affirmative defenses.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.     INTRODUCTION**

Plaintiffs respectfully request that the Court strike twenty-nine purported affirmative defenses from Quaker's Answer to Plaintiffs' First Amended Consolidated Complaint ("FACC," Dkt. 102). A proper affirmative defense alleges facts that, notwithstanding the truth of Plaintiffs' allegations, negates a cause of action. *Federal Deposit Ins. Corp. v. Main Hurdman*, 655 F. Supp. 259, 262 (E.D. Cal. 1987). Quaker's defenses, however, are either simple denials of Plaintiffs' FACC or bald assertions of legal theories lacking factual support. Each therefore fails to constitute an affirmative defense, and such boilerplate should be stricken.

## II. STANDARD

"A Court may strike affirmative defenses under Federal Rule of Civil Procedure 12(f) if they present an 'insufficient defense, or any redundant, immaterial, impertinent, or scandalous matter.'" *Barnes v. AT&T Pension Benefit Plan*, 718 F. Supp. 2d 1167, 1170 (N.D. Cal. 2010) (quoting Fed. R. Civ. P. 12(f)); *see also Ganley v. County of San Mateo*, 2007 U.S. Dist. LEXIS 26467, at *3 (N.D. Cal. Mar. 22, 2007) (citing *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982)). "'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994) (citation omitted). Similarly, "'[i]mpertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Id.*

An affirmative defense can be insufficient as a matter of pleading or law. *J & J Sports Prods. v. Catano*, 2012 U.S. Dist. LEXIS 159876, at *3 (E.D. Cal. Nov. 6, 2012) (citing *Sec. People, Inc. v. Classic Woodworking, LLC*, 2005 U.S. Dist. LEXIS 44641, at *5 (N.D. Cal. Mar. 4, 2005) (citing *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979)); *Kaiser Aluminum & Chemical Sales, Inc.*, 677 F.2d at 1057)). "A defense is insufficient as a matter of law when there are no questions of fact, questions of law are clear and not in dispute, and the defense would not succeed under any circumstances." *Id.* at *4 (citing *SEC v. Sands*, 902 F. Supp. 1149, 1165 (C.D. Cal. 1995) (citations omitted)).

"The Ninth Circuit has explained a defense is insufficiently pled if it fails to give 'fair notice' of the defense." *Id.* at *3-4 (citing *Wyshak*, 607 F.2d at 827). Thus, a defendant "must plead an affirmative defense with enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced." *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999). Accordingly, affirmative defenses that do not properly allege new facts but instead state in a conclusory fashion the defense's existence, are insufficiently pled and subject to dismissal. *See Ansari v. Elec. Document Processing, Inc.*, 2012 U.S. Dist. LEXIS 128622, at *10-11 (N.D. Cal. Sept. 10, 2012); *Gonzalez v. Heritage Pac. Fin., LLC*, 2012 U.S. Dist. LEXIS 112195, at *6 (C.D. Cal. Aug. 8, 2012) (dismissing twenty affirmative defenses because "each . . . is pleaded in the same conclusory manner").

*In re Quaker Oats Labeling Litigation*, Case No: 5:10-cv-0502-RS
MEMORANDUM IN SUPPORT OF MOTION TO STRIKE

Moreover, because a proper affirmative defense sets forth facts denying a plaintiff's right to recover even if all the allegations in the Complaint are true, *Main Hurdman*, 655 F. Supp. at 262, "a denial of allegations in the complaint or 'an assertion that the [plaintiff] cannot prove the elements of [its] claim' is not a proper affirmative defense." *J & J Sports Prods.*, 2012 U.S. Dist. LEXIS 159876, at *7 (quoting *Solis v. Couturier*, 2009 U.S. Dist. LEXIS 63271, at *8-9 (E.D. Cal. July 8, 2009)).

"The purpose of a motion to strike under Rule 12(f) 'is to avoid spending time and money litigating spurious issues.'" *Id.* at *4 (quoting *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983)); *see also Barnes*, 718 F. Supp. 2d at 1170 (citing *Fantasy*, 984 F.2d at 1527). To facilitate judicial economy, a party "has the right to challenge the legal sufficiency of a defense at any time." *Oregon Laborers-Employers Trust Funds v. Pacific Fence & Wire Co.*, 726 F. Supp 786, 788 (D. Or. 1989); *see also Methode Elecs., Inc. v. Infineon Techs. Corp.*, 2000 U.S. Dist. LEXIS 20685, at *6 (N.D. Cal. July 13, 2000) (quoting with approval *Oregon Laborers Employers Trust Funds*, 726 F. Supp. at 788). Similarly, "[i]n the Ninth Circuit, motions to strike are proper, even if the material is not prejudicial to the moving party, if granting the motion would make trial less complicated or otherwise streamline the ultimate resolution of the action." *Ganley*, 2007 U.S. Dist. LEXIS 26467, at *4.

## III. ARGUMENT

The majority Quaker's affirmative defenses fall into one of two categories. Many simply deny the FACC's allegations, are therefore not true affirmative defenses, and should be stricken. Most of Quaker's remaining affirmative defenses could be true affirmative defenses, but Quaker has failed in each instance to plead facts with sufficient specificity to put plaintiff on notice of the defense. These defenses are insufficiently pled and should also be stricken.

### A. *Mere Denials of Plaintiff's Allegations Are Not Proper Affirmative Defenses*

Affirmative Defenses Nos. 1-7, 10-12, 22-24, and 26-28 simply contradict the FACC's allegations. As mere denials, they are not true affirmative defenses and should be stricken.

For example, Quaker's Third Affirmative Defense, "No Deceptive Act or Practice," merely contradicts Plaintiffs' allegations concerning the deceptive packaging of Quaker's products. It is "not actually [an] affirmative defense[]" at all. *Barnes*, 718 F. Supp. 2d at 1173-74 (striking eight affirmative

defenses because they "simply provide a basis to negate an element of [plaintiff's] prima facie case for relief and are restatements of denials present in earlier parts of the complaint").

Quaker's First Affirmative Defense similarly fails. It states, "[t]he FACC fails to state a claim upon which relief can be granted." Answer at 26. This conclusory claim is "impermissible" and should be stricken because failure to state a claim is an assertion of a defect in Plaintiff's prima facie case, not an affirmative defense. *J&J Sports Prods. v. Romero*, 2012 U.S. Dist. LEXIS 84288, at \*12 (E.D. Cal. June 18, 2012) (citing *Joe Hand Promotions, Inc. v. Estrada*, 2011 U.S. Dist. LEXIS 61010 (E.D. Cal. June 7, 2011)).

Quaker's Second Affirmative Defense, "No Standing," is "also not an affirmative defense but rather a denial of Plaintiff[s'] allegations regarding [their] standing to sue." *See Ansari*, 2012 U.S. Dist. LEXIS 128622 at \*15. "Such a defense is merely a rebuttal against the evidence presented by [P]laintiffs." *See Barnes*, 718 F. Supp. 2d at 1173. Quaker's Answer spends many pages denying Plaintiffs' claims before naming any affirmative defenses, and because its affirmative defenses merely repeat those denials, "those defenses are redundant . . . and should be struck so as to simplify and streamline the litigation." *See id.* at 1174.

Quaker's Twenty-Eighth Affirmative Defense (Puffing) is similarly improper. "Proper '[a]ffirmative defenses plead matters extraneous to the plaintiff's prima facie case, which deny plaintiff's right to recover, *even if the allegations of the complaint are true*.'" *J & J Sports Prods.*, 2012 U.S. Dist. LEXIS 159876, at \*7 (emphasis added) (quoting *Main Hurdman*, 655 F. Supp. at 262). "A statement is puffery if the claim is extremely unlikely to induce consumer reliance." *Autodesk, Inc. v. Dassault Systemes Solidworks Corp.*, 685 F. Supp. 2d 1001, 1017 (N.D. Cal. 2009). Thus, puffery is merely a contradiction of Plaintiffs' allegations of reliance on the challenged claims (*see* FACC ¶¶ 116-117, 135), and if such allegations are assumed to be true, the doctrine of puffery would not negate Plaintiffs' right to recover, as a proper affirmative defense must.

Moreover, whether the challenged claims are puffery was already advanced by Quaker in its Motion to Dismiss (Dkt. No. 118) and rejected by the Court in its Order on that motion (Dkt. No. 131). The defense is therefore redundant. *See Prakash v. Pulsent Corp. Emple. Long Term Disability Plan*, 2008 U.S. Dist. LEXIS 120366, at \*6 (N.D. Cal. Aug. 20, 2008) ("The Court previously rejected this

exact argument in ruling on Plaintiffs' motion to dismiss the Counterclaim. The Court therefore strikes the Second Affirmative Defense because it is legally insufficient and redundant." (citations omitted)); *see also Joe Hand Promotions v. Davis*, 2012 U.S. Dist. LEXIS 145402, at *8-9, 11-12, 20 (N.D. Cal. Oct. 9, 2012) (striking three affirmative defenses without leave to amend where "Court ha[d] already determined [the issue] in denying Defendant's Rule 12(b)(6) motion.").

The identical defect applies to the following "affirmative defenses":[1]

- Fourth ("Performance of Duties");
- Fifth ("Lack of Justifiable Reliance");
- Sixth ("Conduct Not Unlawful");
- Seventh ("Substantial Compliance");
- Tenth ("Conduct Not Unfair");
- Eleventh ("Cause in Fact");
- Twelfth ("No Proximate Cause");
- Twenty-Second ("No Actual Injury");
- Twenty-Third ("No Basis for Injunctive Relief");
- Twenty-Fourth ("Not Maintainable As Class Action");
- Twenty-Sixth ("Attorney's Fees Improper"); and
- Twenty-Seventh ("Uncertainty").

*See*, *e.g.*, *Barnes*, 718 F. Supp. 2d at 1173 (striking such defenses as, *inter alia*, "[defendant] acted reasonably, with good cause and in good faith," "not entitled to injunctive relief," and "a class cannot be certified"); *J&J Sports Prods. v. Jimenez*, 2010 U.S. Dist. LEXIS 132476, at *5-7 (S.D. Cal. Dec. 15, 2010) (striking such defenses as, *inter alia*, "defendant did not cause plaintiff's damages," "no breach of duty," "intervening/superseding cause," and "plaintiff's failure to act"); *Ansari,* 2012 U.S. Dist. LEXIS 128622, at *3 (such defenses as, *inter alia*, "failure to state a claim," "illusory, non-quantified damages,"

---

[1] Presented with a voluminous list of affirmative defenses lacking substance, the Court need not analyze them one-by-one. *O'Sullivan v. AMN Servs.*, 2012 U.S. Dist. LEXIS 98560, at *24-25 (N.D. Cal., July 16, 2012) ("The Court declines to engage in the lengthy exercise of discussing each affirmative defense individually. . . . It is sufficient at this stage to point out that all of the affirmative defenses are asserted as bare legal conclusions without any supporting facts . . . .").

and "lack of standing to sue."); *Sec. People, Inc.*, 2005 U.S. Dist. LEXIS 44641, at \*13-14 (granting motion to strike because "'uncertainty' is not an affirmative defense").

### B. *Defenses Pled Without Sufficient Factual Specificity Fail to Give Plaintiff Fair Notice*

Quaker's Affirmative Defenses Nos. 8, 9, 13-21, and 25 all assert a legal conclusion without even a pretense of factual specificity. Under the *Twombly/Iqbal* pleading standard, applied to affirmative defenses in *Barnes*, such boilerplate is legally insufficient.[2] *See Barnes* 718 F. Supp. 2d at 1172 ("applying the [*Twombly/Iqbal*] standard will also serve to weed out the boilerplate listing of affirmative defenses"). Quaker's failure to base its defenses on properly alleged facts leaves Plaintiffs without fair notice as to how the defense may be applied to the case. Accordingly, the Court should strike these defenses. *See Ansari*, 2012 U.S. Dist. LEXIS 128622, at \*5.

Defendant's assertion of "Unclean Hands" (Affirmative Defense No. 21) illustrates the common failure. It reads, in its entirety, "[t]he FACC and each and every purported claim against QUAKER is barred by the doctrine of unclean hands in that Plaintiffs' own actions have caused the damages that Plaintiffs claim to have incurred, if any." Answer at 29. Quaker does not begin to describe Plaintiffs' actions or how such unspecified actions may have caused the damages at issue in this case or comprised "unclean hands." The entire defense is instead a bald assertion that a legal theory applies to the case. Such fact-free boilerplate is not a properly-alleged affirmative defense. *See J&J Sports Prods. v. Jimenez*, 2010 U.S. Dist. LEXIS 132476, at \*4-5.

Similarly, Quaker claims Plaintiffs committed "unreasonable delay in commencing this action," duly causing "prejudice to QUAKER" and justifying a "Laches" defense (#20), Answer at 29, but Quaker neither specifies the duration of any supposed delay, nor the prejudice caused. In asserting a "Superseding Causes" defense (#13), Quaker claims that the violations described in Plaintiffs' FACC were caused by "parties that QUAKER neither controlled nor had the legal right to control," *id.* at 28, yet Quaker does not identify even one such third party. Two consecutive affirmative defenses, "Equitable Estoppel and Equitable Indemnity" (#17) and "Waiver" (#18) are both "[b]ased upon the terms of the sale of the Quaker Products and Plaintiffs' conduct," *id.* at 29, but the defenses lack even a

---

[2] The fifteen defenses merely contradicting the FACC's allegations, discussed above, are also devoid of alleged facts, so even if the Court is inclined to treat them as affirmative defenses, they are still insufficiently pled.

6

cursory description of said terms or conduct. "Without these basic factual allegations, Plaintiff[s] cannot ascertain the grounds for Defendant['s] various affirmative defenses and [are] thus deprived of fair notice." *Perez v. Gordon & Wong Law Group, P.C.*, 2012 U.S. Dist. Lexis 41080, at *37 (N.D. Cal., Mar. 26, 2012) (citing *Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1049-50 (N.D. Cal. 2004); *G & G Closed Circuit Events, LLC v. Nguyen*, 2011 U.S. Dist. Lexis 144435 (N.D. Cal., Dec. 15, 2011)); *see also Gonzalez*, 2012 U.S. Dist. Lexis 112195, at *6. These affirmative defenses are therefore insufficiently pled and subject to dismissal.

Similarly, Quaker's Nineteenth Affirmative Defense, "Statute of Limitations," reads, in full, "Plaintiffs' claims and damages are barred and/or limited by the applicable statute of limitations." Answer at 29. But Quaker "do[es] not identify the applicable statute of limitations," and therefore the affirmative defense "does not provide fair notice to Plaintiff." *FTC v. N. Am. Mktg. & Assocs., LLC*, 2012 U.S. Dist. LEXIS 150102, at *9 (D. Ariz. Oct. 17, 2012) (citing *Wyshak*, 607 F.2d at 827). Instead, Plaintiffs may only guess which statute Quaker invokes; accordingly, the Court should strike this defense. *FTC*, 2012 U.S. Dist. LEXIS 150102, at *9.

Moreover, Quaker's Ninth Affirmative Defense asserts that Plaintiffs' claims are "preempted by federal law," Answer at 27, but Quaker fails to specify which law(s). This defense should be stricken as insufficient. *See Bonshahi v. FedEx Corp.*, 2012 U.S. Dist. LEXIS 119013, at *11 (N.D. Cal. Aug. 22, 2012) (striking preemption defense as "insufficiently pleaded").[3] Quaker's Eighth Affirmative Defense, "Actions Pursuant to Local, State or Federal Authority," appears to be an even broader version of the vague preemption claim and deserves similar treatment. Answer at 27.

The same lack of factual allegations also renders insufficient Defendant's Fourteenth ("Contribution"), Fifteenth ("Express and Implied Consent"), Sixteenth ("Failure to Mitigate"), and Twenty-Fifth ("Unjust Enrichment") Affirmative Defenses. Courts in this district and elsewhere in the Ninth Circuit have repeatedly struck such insufficient defenses. *See*, *e.g.*, *Joe Hand Promotions v. Davis*, 2012 U.S. Dist. LEXIS 145402, at *13 (N.D. Cal. Oct. 9, 2012) ("[b]ecause Defendant does not state a sufficient basis to assert unjust enrichment, the Court strikes [this] affirmative defense without

---

[3] *Compare Bonshahi v. FedEx Corp.*, No. 12-cv-2471-MEJ (N.D. Cal.), Dkt. No. 11 at 20 (Answer containing language similar to Quaker's, asserting as an affirmative defense that "Plaintiff's claims are preempted by other federal and/or state laws").

7

leave to amend"); *Barnes*, 718 F. Supp. 2d at 1172-73 (striking such "insufficiently pled affirmative defenses" as, among others, "statute of limitations," "laches," and "unjust enrichment").

### C. *Reservations of Affirmative Defenses Are Improper*

Quaker's twenty-seventh and twenty-ninth affirmative defenses both attempt to reserve the right to add additional affirmative defenses "as the factual bases for each of Plaintiffs' claims and allegations becomes known" and "as they become available or apparent," Answer at 30-31. Reservations, however, are not proper affirmative defenses and should be stricken.

"An attempt to reserve affirmative defenses for a future date is not a proper affirmative defense in itself. Instead, if at some later date defendants seek to add affirmative defenses, they must comply with Rule 15 of the Federal Rules of Civil Procedure." *Solis v. Zenith Capital, LLC*, 2009 U.S. Dist. LEXIS 43350, at *19 (N.D. Cal. May 8, 2009) (citing *Reis Robotics U.S.A., Inc. v. Concept Indus., Inc.*, 462 F.Supp.2d 897, 907 (N.D. Ill. 2006)). Indeed, "defense[s] purporting to reserve future affirmative defenses . . . [are] redundant and immaterial," *Joe Hand Promotions*, 2012 U.S. Dist. LEXIS 145402, at *19, and "insufficient as a matter of law." *Solis*, 2009 U.S. Dist. LEXIS 43350, at *19.

The Court should, accordingly, strike Quaker's Twenty-Seventh and Twenty-Ninth Affirmative Defenses with prejudice. *See id.* (striking with prejudice the reservation of further affirmative defenses); *Joe Hand Promotions*, 2012 U.S. Dist. LEXIS 145402, at *19-20 (same); *see also J & J Sports Prods. v. Mendoza-Govan*, 2011 U.S. Dist. LEXIS 47075, at *20 (N.D. Cal. Apr. 25, 2011) (striking reservation of further affirmative defenses).

### IV. CONCLUSION

Because Defendant's purported affirmative defenses are mere boilerplate, without any alleged facts that would justify a proper affirmative defense, they are insufficient. The Court should, respectfully, strike all twenty-nine of the affirmative defenses listed in Defendant's Answer to the FACC.

| | |
|---|---|
| Dated: January 31, 2013 | Respectfully submitted, |
| | /s/ Gregory S. Weston |
| | Gregory S. Weston |

**THE WESTON FIRM**
GREGORY S. WESTON
JACK FITZGERALD
MELANIE PERSINGER
1405 Morena Blvd, Suite 201
San Diego, CA 92110
Telephone: (619) 798-2006
Facsimile: (480) 247-4553

**LAW OFFICES OF RONALD A. MARRON, APLC**
RONALD A. MARRON
SKYE RESENDES
ALEXIS M. WOOD
3636 4th Avenue, Suite 202
San Diego, CA 92103
Telephone:     (619) 696-9006
Facsimile:     (619) 564-6665

**Interim Class Counsel**