1  GIBSON, DUNN & CRUTCHER LLP
   Daniel W. Nelson (*pro hac vice*)
2     DNelson@gibsondunn.com
   Scott P. Martin (*pro hac vice*)
3     SMartin@gibsondunn.com
   1050 Connecticut Avenue, N.W.
4  Washington, D.C.  20036
   Telephone: 202-955-8500
5  Facsimile:  202-530-4238

6  Counsel for Defendant The Quaker Oats Company

9              UNITED STATES DISTRICT COURT

10             NORTHERN DISTRICT OF CALIFORNIA

11                 SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE QUAKER OATS LABELING LITIGATION | CASE NO.: 5:10-CV-00502-RS<br><br>**DEFENDANT THE QUAKER OATS COMPANY'S OPPOSITION TO MOTION TO STRIKE AFFIRMATIVE DEFENSES**<br><br>Hearing Date:  March 7, 2013<br>Time:  1:30 p.m.<br>Place:  Courtroom 3, 17th Floor<br>Judge:  Honorable Richard Seeborg<br>Action Filed:  February 3, 2010 |

Gibson, Dunn &
Crutcher LLP

**TABLE OF CONTENTS**

Page

I. INTRODUCTION AND SUMMARY OF ARGUMENT ........................................................... 1

II. ARGUMENT ........................................................................................................................... 1

    A. Plaintiffs' Motion To Strike Should Be Denied As Untimely ....................................... 1

    B. Quaker Has Adequately Pleaded Its Affirmative Defenses ........................................... 2

        1. Quaker's Affirmative Defenses Provide Plaintiffs With Fair Notice ................. 2

        2. Any "Negative" Defenses Mislabeled As "Affirmative" Should Not Be Stricken ............................................................................................................... 4

III. CONCLUSION ....................................................................................................................... 6

# TABLE OF AUTHORITIES

Page

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................................................................3

*Barnes v. AT&T Pension Benefit Plan*,
  718 F. Supp. 2d 1167 (N.D. Cal. 2010) ................................................................................3, 4

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) ................................................................................................................3

*Chevalier v. Sutter Hotel*, No. C-07-0401,
  2008 WL 618919 (N.D. Cal. Mar. 5, 2008) ............................................................................2

*E.E.O.C. v. Interstate Hotels, L.L.C.*, No. C 04-04092,
  2005 WL 885604 (N.D. Cal. Apr. 14, 2005) ..........................................................................5

*In re Tobacco II Cases*,
  207 P.3d 20 (Cal. 2009) ..........................................................................................................5

*Kohler v. Island Rests., LP*,
  280 F.R.D. 560 (S.D. Cal. 2012) .........................................................................................3, 5

*Powertech Tech. Inc. v. Tessera, Inc.*, No. C 10-945,
  2012 WL 1746848 (N.D. Cal. May 16, 2012) ........................................................................4

*Rosales v. Citibank*,
  133 F. Supp. 2d 1177 (N.D. Cal. 2001) ..................................................................................2

*Schmidt v. Pentair, Inc.*, No. C 08-4589,
  2010 WL 4607412 (N.D. Cal. Nov. 4, 2010) ......................................................................3, 5

*Shaterian v. Wells Fargo Bank, N.A.*,
  829 F. Supp. 2d 873 (N.D. Cal. 2011) ....................................................................................2

*Simmons v. Navajo Cnty.*,
  609 F.3d 1011 (9th Cir. 2010) .................................................................................................3

*United States v. Wang*,
  404 F. Supp. 2d 1155 (N.D. Cal. 2005) ..................................................................................2

*Valley Cmty. Bank v. Progressive Cas. Ins. Co.*, No. 5:11-cv-574,
  2011 WL 1833116 (N.D. Cal. May 13, 2011) ........................................................................4

*Wyshak v. City Nat'l Bank*,
  607 F.2d 824 (9th Cir. 1979) ...............................................................................................3, 4

**Statute**

Cal. Bus. & Prof. Code § 17200 .....................................................................................................5

**Rules**

Fed. R. Civ. P. 6 ..................................................................................................................................1

Fed. R. Civ. P. 8 ..............................................................................................................................1, 3

Fed. R. Civ. P. 12 .........................................................................................................................1, 2, 5

**Other Authority**

Charles Alan Wright *et al.*, *Federal Practice & Procedure* (3d ed. 2012)............................................2

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

Defendant The Quaker Oats Company ("Quaker") filed its answer to the First Amended Consolidated Complaint on April 11, 2012, asserting twenty-nine affirmative defenses that provide additional reasons why Plaintiffs are not entitled to relief. If Plaintiffs wished to challenge the adequacy of those affirmative defenses, they were required to file a motion to strike "within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f). They failed to do so. Yet now, almost nine months after the deadline passed, Plaintiffs have filed a motion to strike Quaker's affirmative defenses. The motion is well beyond untimely and should be denied on that basis alone.

Yet even if the Court were to consider the motion on its merits, Plaintiffs' arguments depend on the erroneous assumption that the same standard applicable to pleading claims also applies to affirmative defenses. But they ignore that the relevant language of Federal Rule of Civil Procedure 8 differs, requiring the plaintiff to "sho[w]" its entitlement to relief but the defendant simply to "state" its affirmative defenses. Under this latter language, the relevant standard is whether the defendant has provided fair notice of the defenses it asserts—a standard that Quaker's affirmative defenses plainly satisfy. And even if the Court concludes, as Plaintiffs contend, that several of Quaker's defenses are not "true" affirmative defenses, but instead are "negative" or "additional" defenses because they allege that Plaintiffs cannot satisfy the elements of the asserted claims, such a dispute over characterization cannot justify striking those defenses, as Rule 12 requires *all* of Quaker's defenses—affirmative or otherwise—to be set forth in the answer.

## II. ARGUMENT

**A. Plaintiffs' Motion To Strike Should Be Denied As Untimely.**

Under Federal Rule of Civil Procedure 12(f), Plaintiffs were required to file any motion to strike Quaker's affirmative defenses "within 21 days after being served" with Quaker's answer. Quaker filed its answer on April 11, 2012, and service was accomplished simultaneously through the Court's CM/ECF system. *See* D.E. 133. The deadline for filing any motion to strike expired on May 7, 2012.[*] The instant motion—filed on January 31, 2013—is therefore untimely by almost nine full

---

[*] This deadline accounts for the 21 days allowed under Rule 12(f), the additional three days provided by Rule 6(d) because Plaintiffs were served electronically, and an additional two days under Rule 6(a)(2)(C) to bring the due date from a Saturday to the following Monday.

months. This untimeliness is a sufficient basis, without more, for denying Plaintiffs' motion. *See*, *e.g.*, *Chevalier v. Sutter Hotel*, No. C-07-0401, 2008 WL 618919, at *1 (N.D. Cal. Mar. 5, 2008) (denying motion to strike that was untimely by roughly three months).

To be sure, Rule 12(f) also grants district courts authority to strike pleadings *sua sponte*, and some cases have interpreted this provision as permitting them to entertain untimely motions to strike. *See*, *e.g.*, *United States v. Wang*, 404 F. Supp. 2d 1155, 1157 (N.D. Cal. 2005). But the fact that the court might independently inquire into the adequacy of the defendant's affirmative defenses does not provide any justification for a plaintiff seeking to challenge those defenses to file an untimely motion to strike. The Federal Rules of Civil Procedure provide a clear and unambiguous deadline for filing a motion to strike affirmative defenses, and Plaintiffs cannot justify their violation of that deadline by claiming, in effect, that the court could have considered the issue on its own. Having delayed filing their motion for nine months, Plaintiffs are foreclosed by the plain terms of Rule 12(f) from pursuing the motion now.

**B.     Quaker Has Adequately Pleaded Its Affirmative Defenses.**

As this Court has repeatedly emphasized, "[m]otions to strike 'are generally disfavored because they are often used as delaying tactics and because of the limited importance of pleadings in federal practice.'" *Shaterian v. Wells Fargo Bank, N.A.*, 829 F. Supp. 2d 873, 879 (N.D. Cal. 2011) (quoting *Rosales v. Citibank*, 133 F. Supp. 2d 1177, 1180 (N.D. Cal. 2001)). "Both because striking a portion of a pleading is a drastic remedy and because it often is sought by the movant simply as a dilatory or harassing tactic," the leading treatise on federal practice notes, "numerous judicial decisions make it clear that motions under Rule 12(f) are viewed with disfavor by the federal courts and are infrequently granted." 5C Charles Alan Wright *et al.*, *Federal Practice & Procedure* § 1380 (3d ed. 2012). Plaintiffs' motion to strike provides no basis for departing from this approach. To the contrary, Quaker's affirmative defenses provide Plaintiffs with more than adequate notice to warrant denial of the motion.

**1.     Quaker's Affirmative Defenses Provide Plaintiffs With Fair Notice.**

A central premise of Plaintiffs' motion is that the affirmative defenses asserted by Quaker should be analyzed under the same pleading standard applicable to claims under the Supreme Court's

decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). But while, as Plaintiffs note, cases in this Court have generally applied *Twombly* and *Iqbal* to affirmative defenses, *see*, *e.g.*, *Barnes v. AT&T Pension Benefit Plan*, 718 F. Supp. 2d 1167, 1172 (N.D. Cal. 2010), they fail to acknowledge that other cases have continued to apply the longstanding rule—endorsed by the Ninth Circuit in *Wyshak v. City Nat'l Bank*, 607 F.2d 824 (9th Cir. 1979) (per curiam)—that affirmative defenses need only "provide . . . fair notice of the defense in order to be procedurally sufficient," *Schmidt v. Pentair, Inc.*, No. C 08-4589, 2010 WL 4607412, at *1 (N.D. Cal. Nov. 4, 2010) (internal quotation marks omitted); *see also Simmons v. Navajo Cnty.*, 609 F.3d 1011, 1023 (9th Cir. 2010) (applying *Wyshak*'s "fair notice" standard).

There is good reason why *Twombly* and *Iqbal* are inapplicable to affirmative defenses. Whereas Federal Rule of Civil Procedure 8(a) requires the complaint to "*sho*[*w*] that the pleader is entitled to relief," Rule 8(c) requires the defendant only to "affirmatively *state* any . . . affirmative defense" (emphases added). This distinction is critical: "Factual plausibility—which is the key difference between *Twombly*/*Iqbal* pleading and 'fair notice' pleading—is particularly suited to claim pleading," *Kohler v. Island Rests., LP*, 280 F.R.D. 560, 566 (S.D. Cal. 2012), because "where the well-pleaded facts do not permit the court to infer more than mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief,'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)) (alteration in original). Because *Twombly* and *Iqbal* interpreted the pleading standard under Rule 8(a), rather than announcing a new judge-made standard, it would make little sense to extend their holdings to the quite different language governing affirmative defenses. Indeed, doing so even though "[s]tating an affirmative defense under Rule 8(c) . . . does not require the pleader to 'show' entitlement to its defense . . . would run counter to the Supreme Court's warning in *Twombly* that legislative action, not 'judicial interpretation,' is necessary to 'broaden the scope' of specific federal pleading standards." *Kohler*, 280 F.R.D. at 566.

Although Quaker submits that its affirmative defenses would satisfy even the standard applied in *Twombly* and *Iqbal*, it has adequately pleaded its affirmative defenses to satisfy the "fair notice" standard articulated by the Ninth Circuit in *Wyshak*. Even without the benefit of discovery, Quaker has alleged sufficient facts to provide Plaintiffs with fair notice regarding the nature and substance of

those defenses. Affirmative Defense No. 15, for example, alleging express and implied consent, states that Plaintiffs consented to the activities or conditions giving rising to their alleged harm. This defense identifies the relevant parties (Plaintiffs), their actions (consenting to the purchase and consumption of the products), and the implication of those acts on the present litigation. Similarly, in Affirmative Defense No. 17, addressing equitable estoppel and equitable indemnity, Quaker identifies the relevant parties (Plaintiffs) and alleges that their conduct in purchasing the products at issue, based upon the terms of the sale, justify the application of the estoppel and indemnity doctrines. As a final example, Affirmative Defense No. 18, addressing waiver, identifies the relevant parties (Plaintiffs) and alleges that their conduct in purchasing the products at issue, based upon the terms of the sale, have resulted in a waiver of their claims.

The factual allegations in these and Quaker's other defenses contrast dramatically with the bare-bones, boilerplate affirmative defenses that were deemed insufficient in *Powertech Tech. Inc. v. Tessera, Inc.*, in which the defendant merely stated, without any additional detail, that the plaintiff's claim was barred by the affirmative defense. No. C 10-945, 2012 WL 1746848, at *2 (N.D. Cal. May 16, 2012) (striking D.E. 103 (Feb. 17, 2012)); *see also*, *e.g.*, *Barnes*, 718 F. Supp. 2d at 1171 (rejecting the argument that "merely naming the defense provides adequate notice"). Quaker goes beyond those naked assertions by alleging specific facts: the party, the conduct, and the affirmative defense. Accordingly, Quaker's affirmative defenses provide Plaintiffs with the requisite "fair notice" (*Wyshak*, 607 F.2d at 827) of the defenses that Quaker asserts.

**2. Any "Negative" Defenses Mislabeled As "Affirmative" Should Not Be Stricken.**

Plaintiffs also attack Quaker's affirmative defenses on the ground that some of them are not "true" affirmative defenses, but rather negative defenses that merely "contradic[t] Plaintiffs' allegations." Mot. 3. The line that Plaintiffs imagine between "defect[s] in Plaintiff's prima facie case" and "affirmative defense[s]" (*id.* at 4) is not as clear as they would prefer, as this Court has recognized in denying a motion to strike an affirmative defense of failure to state a claim. *See Valley Cmty. Bank v. Progressive Cas. Ins. Co.*, No. 5:11-cv-574, 2011 WL 1833116, at *3 (N.D. Cal. May 13, 2011). But even if Plaintiffs were correct that several of Quaker's defenses should not have been labeled as "affirmative," that is irrelevant: "[S]imple mislabeling on [the defendant's] part is not

grounds for striking . . . its defenses," because "[n]egative defenses may also be raised in [defendant's] answer." *Kohler*, 280 F.R.D. at 567.  Indeed, Rule 12(b) requires that "[*e*]*very* defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required" (emphasis added).  To the extent that any of Quaker's defenses is more appropriately labeled as a "negative" or "additional" defense, therefore, they are still appropriate defenses to be set forth in an answer.

Accordingly, to strike those defenses, the court must determine that the defense is "insufficient as a matter of law"—that is, "'the court must be convinced that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed.'" *Pentair, Inc.*, 2010 WL 4607412, at *1 (quoting *E.E.O.C. v. Interstate Hotels, L.L.C.*, No. C 04-04092, 2005 WL 885604, at *1 (N.D. Cal. Apr. 14, 2005)).  Plaintiffs cannot meet this high burden because, by their very nature, the underpinnings of a negative defense would defeat Plaintiffs' claims.  Affirmative Defense No. 6, for example, alleges that any representations and advertisements by Quaker were not unlawful.  This is directly relevant to Plaintiffs' claims, which invoke a cause of action for unlawful advertisements.  *See* Cal. Bus. & Prof. Code § 17200 *et seq.*  Similarly, Affirmative Defense No. 5 alleges that Plaintiffs did not justifiably rely on Quaker's representations, which would render them unable to recover.  *See In re Tobacco II Cases*, 207 P.3d 20, 39 (Cal. 2009).  Because these defenses directly bear on the merits of the underlying claims, they do not fail as a matter of law.  Thus, even if the Court concludes that they are more properly characterized as negative or additional defenses, that would not warrant striking them.

### III. CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' motion to strike. If this Court grants Plaintiffs' motion to strike in whole or in part, Quaker respectfully submits that it should be permitted leave to replead any stricken affirmative defenses.

Respectfully submitted,

Dated: February 14, 2013                    GIBSON, DUNN & CRUTCHER LLP

By:  /s/ Daniel W. Nelson
     Daniel W. Nelson
     Counsel for Defendant
     The Quaker Oats Company