IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE QUAKER OATS LABELING LITIGATION | No. C 10-0502 RS<br><br>**ORDER DENYING MOTION TO STRIKE** |
| _____/ | |

Plaintiffs move to strike the 29 "affirmative defenses" pleaded by defendant, The Quaker Oats Company. Plaintiffs contend that the majority of the purported defenses are mere denials of the allegations of the complaint. Plaintiffs further argue that most of the remaining defenses are pleaded conclusorily, with insufficient factual specificity. Finally, plaintiffs object to two numbered "defenses" that merely purport to reserve the right to assert further defenses.[1] The motion has been submitted for decision without oral argument, pursuant to Civil Local Rule 7-1 (b), and will be denied.

---

[1] Quaker Oat's rights with respect to potential amendments of its answer are governed by Rule 15 of the Federal Rules of Civil Procedure and precedents applying that rule. The "affirmative defenses" purporting to reserve the right to amend does not give it any additional rights nor relieve it from complying with Rule 15 should it seek to add affirmative defenses.

It is fairly common practice for parties answering complaints to attempt to err on the side of over-inclusion and to state, in almost laundry list fashion, as many "affirmative defenses" as possible, typically in wholly conclusory form. Often, as here, some of the "defenses" alleged are not even true affirmative defenses, but instead relate to elements of the plaintiff's claims.

Where an attorney simply selects all potentially available "affirmative defenses" from the standard forms used in the attorney's office, with little analysis or consideration of the particular facts at hand, it may at times press up against the boundaries of the attorney's duties under Rule 11 of the Federal Rules of Civil Procedure. Moreover, bare legal conclusions posing as affirmative defenses arguably contravene the requirements of Rule 8 and of case law that pleadings provide "fair notice." See *Wyshak v. City Nat. Bank*, 607 F.2d 824, 927 (9th Cir. 1979) ("The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense."). [2] For these reasons, rote pleading of affirmative defenses, particularly in conclusory fashion, is to be discouraged.

That said, insufficiently pleaded affirmative defenses present significantly different issues than conclusory allegations in a complaint. Permitting a plaintiff to proceed on a conclusory or factually deficient complaint potentially exposes the defendant to expensive and intrusive discovery, and to pressure to settle the matter for its "nuisance value." In most cases, even the most conclusory affirmative defenses do not impose similar burdens. In few instances, if any, will such pleadings render subject matter discoverable that is not already implicated by the allegations of the complaint. To determine the precise nature of the defendant's affirmative defenses, plaintiff will rarely need do more than propound simple "state all facts" interrogatories. Even if the responses are not wholly satisfactory, or if it becomes apparent some lack sufficient evidentiary basis, plaintiff is then in a position not greatly different from the circumstances that would exist if the defenses had been pleaded with greater particularity in the first instance.

---

[2] As Quaker acknowledges, there is also ample precedent for applying *Twombly/Iqbal* pleading standards to affirmative defenses. *See e.g.*, *Barnes v. AT&T Pension Benefit Plan*, 718 F.Supp.2d 1167, 1172 (N.D. Cal 2010), and cases cited therein.

Proceeding with a motion to strike, in contrast, almost inevitably is a less efficient way of moving towards a resolution on the merits. Even if the motion were granted as a result of the technical deficiencies in the pleading, leave to amend would be required under nearly all conceivable circumstances. While the defendant might then abandon at least some of the weaker defenses, numerous affirmative defenses will most likely remain, which, even if stated with sufficient factual detail for pleading purposes, will still lead to a set of "state all facts" interrogatories.

In this instance, plaintiffs' motion has also been brought long after the expiration of the time for bringing motions to strike specified in Rule 12(f) of the Federal Rules of Civil Procedure. Because the Court likely retains the power to strike legally insufficient affirmative defenses, the untimeliness of the motion would not categorically preclude relief. *See Kohler v. Islands Restaurants, LP*, 280 F.R.D. 560, 565 (S.D.Cal. 2012)[3]. The failure of plaintiffs to act promptly, however, underscores the fact that the objections raised to the pleading do not involve matters of substance or that have substantial bearing on the scope of what must be litigated in this action. *See also Barnes*, 718 F.Supp.2d at 1170 (Rule 12(f) motions "are generally disfavored because the motions may be used as delaying tactics and because of the strong policy favoring resolution on the merits.").

Granting or denying a motion to strike lies within the discretion of the court. *See Federal Sav. & Loan Ins. Corp. v. Gemini Mgmt.*, 921 F.2d 241, 244 (9th Cir. 1990). Although the pleading of affirmative defenses in overly-conclusory fashion should be avoided for the reasons stated above, the countervailing interest in conserving resources of the parties and the Court warrants denying this motion. Quaker Oats, however, is expected to exercise the utmost good faith in evaluating whether any of its asserted affirmative defenses should be withdrawn, in the event they appear to lack evidentiary support.

---

[3] Challenges merely to the sufficiency of the *pleading*, however, are less likely properly addressed in lieu of a timely-filed motion. *See id.*

IT IS SO ORDERED.

Dated: 5/20/13

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

No. C 10-0502 RS
ORDER