UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE QUAKER OATS LABELING LITIGATION | Case No. 5:10-cv-00502 RS<br>CLASS ACTION<br><br>[~~PROPOSED~~] ORDER PRELIMINARILY APPROVING THE CLASS ACTION SETTLEMENT, PROVISIONALLY CERTIFYING A SETTLEMENT CLASS FOR SETTLEMENT PURPOSES, APPOINTING CLASS COUNSEL, DIRECTING THE ISSUANCE OF NOTICE TO THE CLASS, AND SCHEDULING A FAIRNESS HEARING<br><br>Judge: The Honorable Richard Seeborg |

The Court has considered the Class Action Settlement Agreement, dated December 20, 2013 ("Settlement Agreement"), the Parties' motion for an order preliminarily approving the Settlement Agreement, the record in this Litigation, the arguments and recommendations made by counsel, and the requirements of law. The Court finds and orders as follows:

1. <u>Preliminary Approval of Settlement Agreement.</u>  The Settlement Agreement is preliminarily approved. The Settlement Agreement and the Settlement it incorporates appear fair, reasonable, and adequate, the terms of which are within the range of reasonableness. The Settlement Agreement was entered into at arms'-length by experienced counsel after extensive negotiations spanning months, including with the assistance of a third party mediator, Judge Leo S. Papas (Ret.). The Settlement Agreement is not the result of collusion.

2. <u>Defined Terms.</u>  The Court, for purposes of this Preliminary Approval Order, adopts all defined terms set forth in the Settlement Agreement.

3. <u>Jurisdiction.</u>  For purposes of the Settlement of the Litigation, the Court has subject matter and personal jurisdiction over the Parties, including all Class Members, and venue is proper.

4. <u>Class Certification for Settlement Purposes Only.</u>  The Court finds and concludes that, for the purposes of approving this Settlement only, and for no other purpose and with no other effect on the Litigation should the proposed Settlement Agreement not ultimately be approved or should the Effective Date not occur, the proposed Rule 23(b)(2) Settlement Class meets the requirements for certification under Rule 23 of the Federal Rules of Civil Procedure: (a) the Class is so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Class; (c) the claims or defenses of the Representative Plaintiffs are typical of the claims or defenses of the Class; (d) the Representative Plaintiffs and Class Counsel will fairly and adequately protect the interests of the Class because the Representative Plaintiffs have no interests antagonistic to the Class, and have retained counsel who are experienced and competent to prosecute this matter on behalf of the Class;  and (e) the

Defendant has acted on grounds that apply generally to the Class, so that final injunctive relief is appropriate respecting the Class as a whole.

5. The proposed settlement was reached only after extensive investigation, discovery, and motion practice in the Litigation, and was the result of protracted negotiations conducted by the Parties, over the course of several months, including with the assistance of a mediator, Judge Leo S. Papas (Ret.). The Representative Plaintiffs and Class Counsel maintain that the Litigation and the claims asserted therein are meritorious and that Plaintiffs and the Class would have prevailed at trial. Notwithstanding, the Representative Plaintiffs and Class Counsel have agreed to settle the Litigation pursuant to the provisions of the Settlement Agreement, after considering, among other things: (i) the substantial benefits to Plaintiffs and the Class under the terms of this Settlement Agreement; (ii) the uncertainty of being able to prevail at trial; (iii) the uncertainty relating to Defendant's defenses and the expense of additional motion practice in connection therewith; (iv) the issues relating to proving damages on an individual Class Member basis; (v) the attendant risks of litigation, especially in complex actions such as this, as well as the difficulties and delays inherent in such litigation; and (vi) the desirability of consummating this Settlement promptly in order to provide effective relief to Plaintiffs and the Class.

6. The Court finds that provisional approval of a Rule 23(b)(3) damages class would be inappropriate given the likely difficulty in certifying and, if certified, maintaining a damages class under Rule 23(b)(3). Were the Plaintiffs to seek certification of a Rule 23(b)(3) damages class, they would face challenges that include, but are not limited to, the difficulties caused by the fact that the packaging claims evolved over the course of the Class Period and changed at different times for different Class Members, several of the challenged labeling statements are not actionable due to federal preemption, and the Class Members did not pay a uniform price for the Products.

7. The Court accordingly certifies, for settlement purposes only, a Class under Rule 23(b)(2), consisting of all persons and entities who purchased one or more of the Products, identified in Exhibit D to the Settlement Agreement, a copy of which is

attached as Exhibit A to this Order, in the United States during the period February 3, 2006 through the Opt-Out Date.  Excluded from the Class are: (a) persons or entities who purchased the Products for the purpose of resale or distribution; (b) persons who are employees, directors, officers, and agents of Defendant or its parent or subsidiary companies; (c) governmental entities; (d) persons who timely and properly exclude themselves from the Class as provided in the Settlement Agreement; and (e) any judicial officer hearing this Litigation, as well as their immediate family members and employees.

8. <u>Class Representatives.</u>  Representative Plaintiffs Victor Guttmann, Sonya Yrene, and Rebecca Yumul are designated as representatives of the provisionally certified Class.  The Court preliminarily finds that they are similarly situated to absent Class Members, and, thus, are typical of the Class, and that they will be adequate class representatives.

9. <u>Class Counsel.</u>  Having considered the factors set forth in Rule 23(g)(1) of the Federal Rules of Civil Procedure, the Court appoints Gregory Weston and Jack Fitzgerald of The Weston Firm PC and Ronald Marron of the Law Offices of Ronald A. Marron, APLC, as Class Counsel, whom the Court finds are experienced and adequate counsel for purposes of these settlement approval proceedings.

10. <u>Notice.</u>  The form and content of the proposed Long Form Notice and Summary Notice, attached as Exhibit A and Exhibit B, respectively, to the Settlement Agreement, and the notice methodology described in the Settlement Agreement and the Notice Plan, attached as Exhibit C to the Settlement Agreement, are hereby approved.  The Court finds that the publication of the Notice in the manner, timing, and form set forth in the Settlement Agreement satisfies due process.  The foregoing is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Class Members.  The Court approves the designation of Gajan Retnasaba of Classaura to serve as the Court-Appointed Class Action Administrator for the Settlement.  The Class Action Administrator shall disseminate Class Notice and supervise and carry out the Notice Plan, the processing of opt-out requests, and other administrative functions, and shall respond to Class Member inquiries under the

direction and supervision of the Court.  Defendant shall pay the cost of Notice up to one hundred twenty thousand dollars ($120,000).  Any cost of Notice that exceeds $120,000 shall be split equally between Defendant and the Class.  The Court directs that Notice shall be given to the Class as provided by the notice methodology described in the Settlement Agreement and the Notice Plan.

11.  Requests for Exclusion.  Any Class Member who does not wish to participate in the Settlement must submit a Request for Exclusion to the Class Action Administrator, stating an intent to be "excluded" from the Settlement.  The written Request for Exclusion must be sent via first class United States mail to the Class Action Administrator at the address set forth in the Notice and be postmarked no later than thirty (30) calendar days before the date set for the Fairness Hearing.  The Request for Exclusion must be personally signed by the Class Member and may only be on behalf of such signing Class Member.  So-called "mass" or "class" opt-outs shall not be allowed.  Members who "opt-out" will not release their claims pursuant to the Settlement Agreement.  Every Request for Exclusion must contain his or her (a) full name, (b) current address, (c) a clear statement communicating that he or she elects to be excluded from the Class, does not wish to be a Class Member, and elects to be excluded from any judgment entered pursuant to the Settlement, (d) his or her signature, and (e) the case name and case number (*In re Quaker Oats Labeling Litigation*, Case No. 5:10-cv-00502 (RS)).  Class Members who fail to submit a timely and proper Request for Exclusion on or before the date specified in the Notice shall be bound by all terms of the Settlement Agreement and Final Judgment and Order.

12.  Objections and Appearances.  Any Class Member may object to the settlement.  Any objection to the Settlement, including any of its terms or provisions, must be in writing, filed with the Court, with a copy served on Class Counsel, Defense Counsel, and the Class Action Administrator at the addresses set forth below, and postmarked no later than thirty (30) calendar days prior to the Fairness Hearing date.

**Class Counsel**:
Ronald A. Marron
Law Office of Ronald A. Marron

651 Arroyo Drive
San Diego, CA 92103

Gregory S. Weston
The Weston Firm
1405 Morena Blvd., Suite 201
San Diego, CA 92110

**Defense Counsel**:
Scott P. Martin
Gibson, Dunn & Crutcher LLP
1050 Connecticut Ave., N.W.
Washington, D.C. 20036

**Class Action Administrator**:
Quaker Settlement
Classaura Class Action Administration
780 Morosgo Drive #14103
Atlanta, GA 30324

Any objection regarding or related to the Settlement Agreement shall contain (a) the objector's full name, address and telephone number; (b) the name, address, and telephone number of any attorney for the objector with respect to the objection; (c) the factual and legal grounds for the objection(s); (d) documents sufficient to establish the basis for his or her standing as a Class Member, *i.e.*, verification under oath as to the approximate date(s) and location(s) of his or her purchase(s) of the Products; (e) his or her signature or the signature of the objector's counsel, if any; (f) the case name and case number (*In re Quaker Oats Labeling Litig.*, No. 5:10-cv-00502 RS (N.D.Cal.) (RS)); and (g) a specific list of any other objection by the objector, as well as by the objector's attorney, to any class action settlements submitted to any court in the United States in the previous five years. Any objections not containing the required information and/or not submitted to the Court at least thirty (30) days prior to the Fairness Hearing will be deemed waived and will not be considered by the Court.

      13.    If an objecting party chooses to appear at the hearing, that party must, in addition to filing his or her objection, also file with the Court, at least thirty (30) days

before the Fairness Hearing, a notice of intent to appear listing the name, address and telephone number of the attorney, if any, who will appear on behalf of that party.

14.   A Class Member who appears at the Fairness Hearing, either personally or through counsel, will be permitted to argue only those matters that were set forth in the timely and validly submitted written objection filed by such Class Member.  No Class Member shall be permitted to raise matters at the Fairness Hearing that the Class Member could have raised in his/her written objection, but failed to do so, and all objections to the Settlement Agreement that are not set forth in a timely and validly submitted written objection are deemed waived.

15.   If a Class Member wishes to present witnesses or evidence at the Fairness Hearing in support of a timely and validly submitted objection, all witnesses must be identified in the objection, and true and correct copies of all supporting evidence must be appended to, or filed and served with, the objection.  Failure to identify witnesses or provide copies of supporting evidence in this manner waives any right to introduce such testimony or evidence at the Fairness Hearing.  Plaintiffs or Defendant or both may take discovery regarding the proposed witnesses and evidence, subject to Court approval.

16.   Class Members who do not oppose the Settlement, the applications for attorneys' fees and costs, or class representative incentive awards need not take any action to indicate their approval.

17.   Class Counsel and Defendant, shall have the right, but not the obligation, to respond to any objection, by filing opposition papers no later than seven (7) calendar days prior to the Fairness Hearing.  The Party shall file a copy of the response with the Court, and shall serve a copy on the objector (or counsel for the objector) to the extent the objector or their counsel do not receive notice of electronic filings via the Court's ECF filing system.

18.   <u>Fairness Hearing.</u>  A Fairness Hearing shall be held before this Court on **Thursday, May 8, 2014 at 1:30 pm** at the United States District Court for the Northern District of California, before the Honorable Richard Seeborg, District Judge, in Courtroom 3, Phillip Burton Federal Building and United States Courthouse, 17th Floor, 450 Golden Gate Avenue, San Francisco, California 94102, to determine whether

the settlement of the Litigation pursuant to the terms and conditions of the Settlement Agreement should be approved as fair, reasonable and adequate, and finally approved pursuant to Federal Rule of Civil Procedure Rule 23(e).  The Court will hear any arguments regarding, or objections to, Class Counsel's application for an award of attorneys' fees, costs, and expenses and incentive awards for Plaintiffs (the "Fee Application") at that time.  Papers in support of final approval of the Settlement Agreement and Fee Application shall be filed with the Court according to the schedule set forth in Paragraph 22, below.  The Fairness Hearing may be postponed adjourned, or continued by order of the Court without further notice to the Class.  After the Fairness Hearing, the Court may enter a Final Judgment and Order in accordance with the Settlement Agreement that will adjudicate the rights of the Class Members (as defined in the Settlement Agreement) with respect to the claims being settled.

19.   The Class Action Administrator shall provide to the Parties and file with the Court a list reflecting all timely Requests for Exclusion no later than seven (7) days before the Fairness Hearing.

20.   <u>Stay of the Litigation</u>.  Pending the Fairness Hearing, all proceedings in the Litigation, other than proceedings necessary to carry out and enforce the terms and conditions of the Settlement Agreement and this Preliminary Approval Order, are hereby stayed.

21.   <u>Stay of Collateral and Related Litigation.</u>  Class Members are preliminarily enjoined from filing, commencing, prosecuting, intervening in, participating in, maintaining as class members or otherwise, directly or indirectly through a representative or otherwise, or receiving any benefits from, any lawsuit, arbitration, government action, administrative or regulatory proceeding or order in any jurisdiction, forum or tribunal asserting any Released Claims.  In addition, all persons are preliminarily enjoined from filing, commencing or prosecuting a lawsuit as a class action (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) on behalf of Class Members, or asserting any Released Claims.  Nothing herein shall require any

Class member to take any affirmative action with regard to other pending class action litigation in which he or she may be an absent class member.

22. <u>Termination of Settlement.</u>  In the event the Court does not grant final approval of the Settlement, or for any reason the parties fail to obtain a Final Judgment and Order as contemplated by the Settlement Agreement, or the Settlement Agreement is terminated pursuant to its terms for any reason or the Effective Date does not occur for any reason, then the following shall apply:

(a) All orders and findings entered in connection with the Settlement Agreement shall become null and void and have no force and effect whatsoever, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in this or any other proceeding;

(b) The provisional certification of the Class pursuant to this Preliminary Approval Order shall be vacated automatically, and the Litigation shall proceed as though the Class had never been provisionally certified pursuant to the Settlement Agreement and provisional findings related to Rule 23 shall have no force or effect for the remainder of the Litigation;

(c) Nothing contained in this Preliminary Approval Order is, or may be construed as, a presumption, concession or admission by or against Defendant or Plaintiffs of any default liability or wrongdoing as to any facts or claims alleged or asserted in the Litigation, or in any actions or proceedings, whether civil, criminal or administrative, including, but not limited to, factual or legal matters relating to any effort to certify the Class;

(d) Nothing in this Preliminary Approval Order or pertaining to the Settlement Agreement shall be used as evidence in any further proceeding in this case, including, but not limited to, motions or proceedings seeking certification of the Class; and

(e) All of the Court's prior orders having nothing whatsoever to do with the Settlement shall, subject to this Preliminary Approval Order, remain in force and effect

23. <u>Use of Order.</u>  This Preliminary Approval Order shall be of no force or effect if the Settlement Agreement does not become final and shall not be construed or used as an admission, concession, or declaration by or against Defendant of any fault,

wrongdoing, breach, or liability. Nor shall this Preliminary Approval Order be construed or used as an admission, concession, or declaration by or against Plaintiffs or the other Class Members that their claims lack merit or that the relief requested is inappropriate, improper, or unavailable, or as a waiver by any party of any defenses or claims he, she, or it may have in the Litigation or in any other lawsuit.

24. Class Counsel and Defense Counsel are hereby authorized to use all reasonable procedures in connection with the approval and administration of the Settlement Agreement that are not materially inconsistent with this Preliminary Approval Order or the Settlement Agreement, including making, without further approval of the Court, minor changes to the form or content of the Long Form Notice, Summary Notice, and other exhibits that they jointly agree are reasonable or necessary.

25. The Court preliminarily approves the form of the Proposed Final Judgment and Order.

26. <u>Deadlines for Filings in Advance of the May 8, 2014 Fairness Hearing:</u>

- Class Counsel shall file their Fee and Incentive Award Application by **April 3, 2014**;
- Objections to the Settlement Agreement and Fee and Incentive Award Application shall be filed with the Court by **April 18, 2014**;
- Requests for Exclusion shall be sent to the Class Action Administrator on or before **April 18, 2014**;
- A notice of appearance must be filed by any person who files an objection and wants to be heard at the Fairness Hearing by **April 18, 2014**;
- The Parties shall file their papers in support of final approval of the Settlement Agreement by **April 24, 2014**;
- Papers in response to objections to the Settlement Agreement or Fee Application shall be filed with the Court on or before **May 1, 2014**;
- The Class Action Administrator shall file a list reflecting all timely Requests for Exclusion with the Court no later than **May 1, 2014**;
- Before the Fairness Hearing, Defendant will file a certification with the Court stating the date or dates on which the CAFA Notice to attorney generals became effective.

Upon application of the parties and good cause shown, the deadlines set forth in this Preliminary Approval Order may be extended by order of the Court, without further notice to the Class. Class members must check the settlement website (www.QuakerLawsuit.com) regularly for updates and further details regarding extensions of these deadlines.

**IT IS SO ORDERED**.

DATED: 2/12/14

_____
The Honorable Richard Seeborg
UNITED STATES DISTRICT JUDGE

**Exhibit A – Products**

The following varieties of Quaker Oatmeal to Go Bars:

- Apples & Cinnamon
- Banana Bread
- Brown Sugar & Cinnamon
- High Fiber Maple & Brown Sugar
- Oatmeal Raisin
- Raspberry Streusel

The following varieties of Instant Quaker Oatmeal:

- Peaches & Cream
- Strawberries & Cream
- Bananas & Cream
- Blueberries & Cream
- Reduced Sugar Strawberries & Cream
- Reduced Sugar Peaches & Cream
- Reduced Sugar Fruit & Cream Variety Pack
- Apples & Cinnamon
- Bakery Favorites – Banana Bread
- Chocolate Chip
- Cinnamon Roll
- Honey Bun
- Cinnamon & Spice
- Maple & Brown Sugar
- Maple & Brown Sugar (Organic)
- Original
- Raisin Date & Walnut
- Raisin & Spice
- Bakery Favorites – Cinnamon Roll
- Low Sugar Maple & Brown Sugar

- Low Sugar Apples & Cinnamon
- Weight Control Maple & Brown Sugar
- Weight Control Banana Bread
- High Fiber Maple & Brown Sugar
- High Fiber Cinnamon

The following varieties of Quaker Chewy Bars:

- Chocolate Chip
- Peanut Butter Chocolate Chip
- S'mores
- Reduced Sugar Chocolate Chip
- Reduced Sugar Peanut Butter Chocolate Chip
- 90 Calorie Peanut Butter
- 90 Calorie Low Fat Chocolate Chunk
- Reduced Sugar Cookies & Cream
- Nestle Crunch
- Nestle Butterfinger
- Cookies & Milk Chocolate Mint
- Dark Chocolate Cherry
- Cookies & Milk
- Peanut Butter
- 90 Calorie Low Fat Honey Nut
- Low Fat Maple Brown Sugar
- Low Fat Cinnamon Sugar
- Low Fat Baked Apple
- Low Fat Oatmeal Raisin