REGINALD TERRELL, ESQ.
THE TERRELL LAW GROUP
Post Office Box 13315, PMB #148
Oakland, California 94661
Telephone: (510) 237-9700
Facsimile: (510) 237-4616
Email: Reggiet2@aol.com

Attorneys for Objector

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re: QUAKER OATS LABELING LITIGATION<br><br>_____<br><br>This document relates to all cases | CASE NO.: 5:10-cv-0502-RS<br><br>**OBJECTIONS OF GRETHA WILKERSON TO PROPOSED SETTLEMENT AND ATTORNEY FEE REQUEST**<br><br>Judge: Honorable Richard Seeborg<br>Date: 6-26-2014<br>Time: 1:30 p.m.<br>Location: Courtroom 3 |

COME NOW, Gretha Wilkerson ("Objector") Class Member to this action, by and through her undersigned counsel, hereby files these Objections to the Proposed Class Action Settlement, give notice of their counsel's intent to appear at the final approval hearing.

Objectors represents to the court she is a Class member, qualified to make a claim as set forth in the Notice of Class Action Settlement.

I. THE FEE REQUEST MUST BE SCRUTINIZED AND REDUCED

Once Class Counsel seeks fees from a common fund, Class Counsel, 'otherwise a fiduciary for the class … become[s] a claimant against the fund created for the benefit of the class." In re Washington Pub. Power Supply Sys. Sec Litigation, 19 F. 3d 1291, 1302 (9th Cir. 1994)

---

("WPPSSS"). This places Class Counsel at odds with the rest of the Class Members, which has resulted in courts stressing that in the fee-setting stage, "the court must assume the role of fiduciary for the class plaintiffs." Id.

When a common fund is created for the class, district courts in the Ninth Circuit have the discretion to use a lodestar method or the percentage of the fund approach. In re Bluetooth headset Products Liability Litigation, 654 F. 3rd 935, 942 (9th Cir. 2011). Whichever option the court chooses, however, discretion must be used to arrive at a reasonable starting place. Id. But careful review of case law reveals there is no such benchmark applicable to all cases. See In re Infospace Inc., 330 F. Supp. 2nd 1203, 1210 (W.D. Wash. 2004) ("There is nothing inherently reasonable about a 25 percent recovery, and the courts applying this method have failed to explain the basis for the idea that a bench mark fee of between any particular percentage and a reasonable fee."). Nonetheless, it is a time honored notion that "a fee award should be assessed based on scrutiny of the unique circumstances of each case", and should be viewed with "a jealous regard to the rights of those who are interested in the fund." Goldberger v. Integrated Resources, Inc. 209 F. 3d 43, 53 (2d Cir. 2000).

Here, class Counsel seeks $749,044.71 in attorneys' fees. Due to the enormity of the fee request relative to the aggregate settlement, this court must be exceedingly careful in its evaluation of the fee petition. One approach to evaluating the reasonableness of a fee request has been suggested by Judge Posner:

The judge could have insisted that the parties present evidence that would enable four possible outcomes to be estimated: call them high, medium, low, and zero. High might be in the billions of dollars, medium in the hundreds of millions, low in the tens of millions. Some approximate range of percentages, reflecting the probability of obtaining each of these outcomes in a trial (more likely a series of trials) might be estimated, and so a ball park valuation derived.

Reynolds v. Beneficial National Bank, 288 F. 3d 277, 285 (7th Cir. 2002). From these numbers, Posner suggests, the judge can "translate his intuitions about the strength of the plaintiffs' case, the range of possible damages, and the likely duration of the litigation if it was

---

OBJECTION TO MOTION FOR ATTORNEYS FEES
Case No.: 5:10-cv-0502 RS        2

not settled now into numbers that would permit a responsible evaluation of the reasonableness of the settlement." Id.

This fee request must undergo rigorous scrutiny, analysis, auditing, evaluation and justification. The final fee award should be far less than 25%.

## II. JOINDER IN OTHER OBJECTIONS

These objectors adopt and join in on the objections made and incorporate them by reference as if fully stated herein. These Objectors join in all other well-founded and meritorious objections filed in this matter.

## III. CONCLUSION

For the foregoing reasons and all others presented at oral argument, this objector respectfully request the Court sustain their objections and grant the following relief:

    A. Upon proper hearing, sustain these Objections;

    B. Upon proper hearing, enter such Orders as are necessary and just to adjudicate these Objections and to alleviate the inherent unfairness, inadequacies and unreasonableness of the proposed settlement;

    C. Order class counsel to submit a fee application pursuant to Bluetooth and Mercury guidelines, schedule a second objection deadline and a second fairness hearing to adjudicate the fee issue;

    D. Award an incentive fee to the Objector for her service in improving the fairness of the settlement, as well as consider awarding an attorneys' fee to her attorneys.

                                        THE TERRELL LAW GROUP
                                        LAW OFFICES OF SYDNEY JAY HALL

Dated: 6-5-2014

                                        Respectfully submitted,

                                        THE TERRELL LAW GROUP

                                        /s/ Reginald Terrell
                                        _____
                                        REGINALD TERRELL, ESQ.

_____

REGINALD TERRELL, ESQ.
THE TERRELL LAW GROUP
Post Office Box 13315, PMB #148
Oakland, California 94661
Telephone: (510) 237-9700
Facsimile: (510) 237-4616

SYDNEY JAY HALL, ESQ.
LAW OFFICES OF SYDNEY JAY HALL
1308 Bayshore Hwy., #220
Burlingame, CA 94010
Telephone: 650-342-1830
Facsimile: 650-342-6344

## CERTIFICATE OF SERVICE

I, Reginald Terrell, declare as follows:

    I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. I am employed in the State of California, where the mailing occurs, and my business address is The Terrell Law Group, PO Box 13315, PMB 148, Oakland, CA 94661.

    On June 5, 2014 I served a true and correct copy of the following document(s): Objection to Motion for Attorneys Fees electronically to all interested parties registered to receive service of process via the court's electronic case filing and pacer system.

    I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

                                              /s/ Reginald Terrell

Executed on June 5, 2014 at Oakland, California.

                                              REGINALD TERRELL

OBJECTION TO MOTION FOR ATTORNEYS FEES
Case No.: 5:10-cv-0502 RS                                                                                          6