**THE WESTON FIRM**
GREGORY S. WESTON (239944)
*greg@westonfirm.com*
JACK FITZGERALD (257370)
*jack@westonfirm.com*
MELANIE PERSINGER (275423)
*mel@westonfirm.com*
PAUL K. JOSEPH (287057)
*paul@westonfirm.com*
1405 Morena Blvd., Suite 201
San Diego, CA 92110
Telephone:  (619) 798-2006
Facsimile:   (480) 247 4553

**LAW OFFICES OF RONALD A. MARRON, APLC**
RONALD A. MARRON (175650)
*ron@consumersadvocates.com*
SKYE RESENDES (278511)
*skye@consumersadvocates.com*
ALEXIS WOOD (270200)
*alexis@consumersadvocates.com*
651 Arroyo Drive
San Diego, CA 92103
Telephone:  (619) 696-9006
Facsimile:   (619) 564-6665

*Class Counsel*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re QUAKER OATS LABELING LITIGATION | Case No: 5:10-cv-0502-RS<br>Pleading Type: Class Action<br>Action Filed: February 3, 2010<br><br>**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Judge:      The Honorable Richard Seeborg<br>Location:  Courtroom 3 |

Last week a Ninth Circuit panel affirmed orders granting final approval, fees, and incentive awards in a food labeling class action settlement. *In re Ferrero Litig.*, 2014 U.S. App. LEXIS 13780 (9th Cir. July 16, 2014). Plaintiffs respectfully submit this decision, attached hereto as Exhibit A, as persuasive authority given that the Ferrero plaintiffs were also represented by Class Counsel, and because of the overlap with the issues raised by objectors here.

Dated: July 22, 2014               Respectfully submitted,

/s/ Gregory S. Weston
Gregory S. Weston

**THE WESTON FIRM**
GREGORY S. WESTON
JACK FITZGERALD
MELANIE PERSINGER
PAUL K. JOSEPH
1405 Morena Blvd, Suite 201
San Diego, CA 92110
Telephone: (619) 798-2006
Facsimile: (480) 247-4553

**LAW OFFICES OF RONALD A. MARRON, APLC**
RONALD A. MARRON
SKYE RESENDES
ALEXIS WOOD
651 Arroyo Drive
San Diego, CA 92103
Telephone:  (619) 696-9006
Facsimile:   (619) 564-6665

*Class Counsel*

---

1

*In re Quaker Oats Labeling Litigation*, Case No: 5:10-cv-0502 RS
NOTICE SUPPLEMENTAL AUTHORITY IN SUPPORT OF MOTION FOR FINAL APPROVAL

# EXHIBIT A



In re: FERRERO LITIGATION, ATHENA HOHENBERG, individually and on behalf of all others similarly situated and LAURA RUDE-BARBATO, on behalf of herself and all others similarly situated, Plaintiffs - Appellees, COURTNEY DREY and ANDREA PRIDHAM, Objectors - Appellants, v. FERRERO USA, INC., a foreign corporation, Defendant - Appellee. ATHENA HOHENBERG, individually and on behalf of all others similarly situated and LAURA RUDE-BARBATO, on behalf of herself and all others similarly situated, Plaintiffs - Appellees, MICHAEL E. HALE, Objector - Appellant, v. FERRERO USA, INC., a foreign corporation, Defendant - Appellee.

No. 12-56469, No. 12-56478

UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

*2014 U.S. App. LEXIS 13780*

**June 4, 2014, Argued and Submitted, Pasadena, California
July 16, 2014, Filed**

**NOTICE:** PLEASE REFER TO *FEDERAL RULES OF APPELLATE PROCEDURE RULE 32.1* GOVERNING THE CITATION TO UNPUBLISHED OPINIONS.

**PRIOR HISTORY:** [*1]
Appeal from the United States District Court for the Southern District of California. D.C. No. 3:11-cv-00205-H-KSC, D.C. No. 3:11-cv-00205-H-KSC. Marilyn L. Huff, District Judge, Presiding.

**DISPOSITION:** Affirmed.

**COUNSEL:** For ATHENA HOHENBERG, individually and on behalf of all others similarly situated, LAURA RUDE-BARBATO, on behalf of herself and all others similarly situated, Plaintiffs - Appellees (12-56469, 12-56478): Jack Fitzgerald, Melanie Persinger, Gregory Weston, Esquire, The Weston Firm, San Diego, CA; Ronald A. Marron, Attorney, Beatrice Skye Resendes, Attorney, Law Offices of Ronald A. Marron, San Diego, CA.

For COURTNEY DREY, ANDREA PRIDHAM, Objectors - Appellants (12-56469): Christopher Langone, Law Office of Christopher Langone, Ithaca, NY; Grenville Thomas Pridham, Esquire, Attorney, Law Office of Grenville Pridham, Tustin, CA.

For FERRERO USA, INC., a foreign corporation, Defendant - Appellee (12-56469, 12-56478): Colleen Bal, Esquire, Wilson Sonsini Goodrich & Rosati, San Francisco, CA; Dale Bish, Keith Edward Eggleton, Wilson Sonsini Goodrich & Rosati, Palo Alto, CA.

For Michael E. Hale, Objector - Appellant (12-56478): Christopher Andres Bandas, Attorney, Bandas Law Firm, P.C., Corpus Christi, [*2] TX.

**JUDGES:** Before: KOZINSKI, Chief Judge, and TROTT and CALLAHAN, Circuit Judges.

**OPINION**

MEMORANDUM*

\* This disposition is not appropriate for

publication and is not precedent except as provided by *9th Cir. R. 36-3*.

Athena Hohenberg and Laura Rude-Barbato ("Plaintiffs") filed these class actions alleging that Ferrero was misleadingly advertising Nutella as a healthy breakfast food. After a class of California consumers was certified, the parties negotiated a settlement. The settlement (a) created a $550,000 monetary fund to partially reimburse class members who had purchased Nutella and (b) provided for substantial injunctive relief requiring Ferrero to revise its advertising campaign for Nutella and to supply more nutritional information on Nutella's label. In the settlement agreement, Ferrero agreed that it wouldn't challenge class counsel's application for a fee award, not exceeding $900,000, specifically for the injunctive relief obtained. The district court approved the settlement and made an overall attorneys' fee award of $985,920.

Three class members (the "objectors") objected to the settlement, and appeal from the district court's approval of the settlement. They argue that: (1) there was inadequate [*3] notice of the request for attorneys' fees; (2) the injunctive relief doesn't justify a fee award; (3) the district court failed to adequately explain its approval of the fee award; and (4) the district court failed to consider whether class counsel adequately represented the class. We have jurisdiction pursuant to *28 U.S.C. § 1291* and affirm.

**1**. Class members had adequate notice of the terms of the settlement and class counsel's request for attorneys' fees. *Federal Rule of Civil Procedure 23(h)* requires that class members have "an opportunity thoroughly to examine counsel's fee motion." *In re Mercury Interactive Corp. Sec. Litig., 618 F.3d 988, 993-94 (9th Cir. 2010)*. The settlement in this case was preliminarily approved on January 23, 2012, the motion for attorneys' fees was filed on May 25, 2012, and the objectors filed their opposition on June 8, 2012. This is in stark contrast to *In re Mercury Interactive*, where the motion for attorneys' fees was filed two weeks after the deadline for filing objections to the settlement agreement. *Id. at 991*. The objectors have not shown that they were denied the notice required by *Rule 23(h)* and *In re Mercury Interactive*.

**2**. Objectors argue that [*4] the district court shouldn't have awarded attorneys' fees based on the injunctive relief obtained in the settlement. They contend that the value of the injunctive relief is too speculative to be ascertainable and, in any event, benefits "society at large" rather than the class members themselves. Objectors' argument relies on the incorrect premise that the district court was, or should have been, using a "percentage of the fund" calculation method, in which fees are typically limited to 25% of the overall value of a settlement fund. *See Staton v. Boeing Co., 327 F.3d 938, 968 (9th Cir. 2003)*. However, the district court here had discretion to instead award attorneys' fees using the lodestar method. *Id. at 972*. Under the lodestar method, a court need not determine the "value" of particular injunctive relief because fees are calculated through an assessment of time expended on the litigation, counsel's reasonable hourly rate and any multiplier factors such as contingent representation or quality of work. Contrary to objectors' contentions, the injunctive relief in this case is meaningful and consistent with the relief requested in plaintiffs' complaint: As a result of the settlement, [*5] Ferrero must include extra nutritional information on Nutella's packaging and follow new protocols in its Nutella advertising. The district court did not abuse its discretion in approving a settlement that compensated counsel under the lodestar method for procuring such relief.

**3**. The district court adequately explained its approval of the fee award under the lodestar method. It stated that the amount was "appropriate given the contingent nature of the case and the excellent results obtained for the Class," and was justified "by prior awards in similar litigation and . . . in line with prevailing rates in this District." Objectors offer no specific challenges to the hours or rates submitted by class counsel. Instead, objectors contend that the district court should have explicitly considered the indicia of collusion discussed in *In re: Bluetooth Headset Prods. Liab. Litig., 654 F.3d 935, 946-47 (9th Cir. 2011)*. *Bluetooth*, however, concerned a settlement negotiated prior to class certification which provided for "$100,000 in *cy pres* awards and zero dollars for economic injury, while setting aside up to $800,000 for class counsel." *Id. at 938*. Here, by contrast, settlement was reached [*6] after class certification, through settlement conferences with judicial officers, and produced both monetary and injunctive relief for the class. These differences ameliorate the concerns regarding collusion expressed by the *Bluetooth* court.

The settlement agreement does contain a "clear sailing" provision and a provision reverting unpaid

attorneys' fees to Ferrero rather than to the class--two terms the *Bluetooth* court said were deserving of heightened scrutiny. *654 F.3d at 947*. But the district court did not abuse its discretion in concluding that the settlement survived such scrutiny. The attorneys' fee award in this case stands up when evaluated using the factors set forth in *Vizcaino v. Microsoft Corp., 290 F.3d 1043, 1048-50 (9th Cir. 2002)*: (a) counsel's procurement of monetary and injunctive relief appears to have been an exceptional result; (b) counsel took on considerable risk as Ferrero is well financed and had facially valid defenses; (c) and counsel devoted considerable time to the litigation and settlement.

**4**. Objectors have failed to raise any serious questions as to the adequacy of class counsel. On appeal, they argue first that class counsel and the named Plaintiffs have [*7] abandoned their concerns with the truth of Ferrero's ad campaign, and second that the district court failed to consider class counsel's improper actions in other cases. The first argument is not supported by the record because the settlement agreement fairly addresses the concerns set forth in the complaint. The second argument is not persuasive because objectors' evidence of alleged impropriety in previous cases does not suggest that the Weston Firm engaged in any misconduct in this case.

**Affirmed**.