IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE QUAKER OATS LABELING LITIGATION<br><br>_____/ | No. C 10-0502 RS<br><br>**ORDER RE FINAL SETTLEMENT APPROVAL AND ATTORNEY FEE AWARD, GRANTING MOTION TO STRIKE, AND DENYING MOTION TO SEAL** |

1. Concurrently with the filing of this order, plaintiffs' proposed orders granting the motion for final settlement approval and the motion for attorney fees and incentive awards are being entered for the reasons stated therein, the reasons discussed on the record when the motions were heard, and for the additional reasons stated herein.

2. The objections filed by Robert Chacanaca and Amy X. Yang present no sufficient grounds for rejecting the settlement agreement. While at first blush, some of the "warning signs" discussed in *In re Bluetooth Headset Products Liability Litigation*, 654 F.3d 935 (9th Cir. 2011) might appear to be present here, the parties have adequately established that the settlement, including the provisions regarding attorney fees, are reasonable, fair, and not the product of collusion, or any disregard for the interests of the class. *Bluetooth* teaches that a district court "must ensure that both the amount and mode of payment of attorneys' fees are fair, regardless of whether the attorneys' fees come from a common fund or are otherwise paid.") 654 F. 3d at 949.

Nevertheless, the facts here establish that the fee award in no sense can be seen as diminishing the cash available to the class, as it would in a prototypical "common fund" case. First, the fee award is based on statute, not a common fund theory. Moreover, were some portion of the amount defendant was willing to pay in fees instead awarded to the members of the class, it would could not be economically distributed, and thus would at most benefit the class indirectly, through a *cy pres* recipient. Finally, the fees requested are relatively modest, and do not reflect the type of contingency fee "windfall" that sometimes results when fees are calculated as a percentage of a large cash recovery. Thus, the facts here support no inference of impropriety that would warrant rejecting either the settlement agreement or the requested fees. In essence, the objections reduce to a complaint that a fee award is improper in the absence of a cash recovery by class members, or that more favorable settlement terms might have been obtainable. The parties have shown, however, that a settlement providing only injunctive relief is appropriate here given the value of that relief and the limited possibility of recovering damages and distributing them in an economically-feasible manner. There is no basis to deny fees merely because the relief to the class is injunctive. Arguments that the relief should have been tailored differently, or could have been more robust, are misdirected. "Settlement is the offspring of compromise; the question we address is not whether the final product could be prettier, smarter or snazzier, but whether it is fair, adequate and free from collusion." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998).

3. The parties' joint motion to strike the objection of Gretha Wilkerson as untimely is granted. As that objection did little more than state the requirement that fee applications be given careful scrutiny, and join in other objections, striking it does not preclude consideration of the points referred to therein. As discussed at the hearing, and above, those points have been taken into account, and do not warrant rejection of the settlement agreement.

4. The sealing motion is denied. Contrary to plaintiffs' assertion, this is not a "non-dispositive" motion to which a lower standard for sealing arguably applies. Plaintiffs offer no basis upon which it would be appropriate to preclude potential class members from access to any and all materials offered in support of settlement approval and the fee application. That said, the material sought to be sealed were not critical to analysis of the fee motion, and have been disregarded.

Accordingly, no requirement will be imposed to file the materials in the public record. Those materials are simply not part of the record upon which the fee award is based.

IT IS SO ORDERED.

Dated: 7/29/14

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE