UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE QUAKER OATS LABELING LITIGATION | Case No. 5:10-cv-00502 RS<br>CLASS ACTION<br><br>**[~~PROPOSED~~] FINAL ORDER APPROVING CLASS ACTION SETTLEMENT**<br><br>Judge: Hon. Richard Seeborg |

This matter came on for hearing upon the joint application of the Parties for the approval of the Settlement set forth in the Class Action Settlement Agreement, dated December 20, 2013 ("Settlement Agreement").

Due and adequate notice having been given to the Class, and the Court having considered the Settlement Agreement, all papers filed and proceedings had herein, and having reviewed the record in this Litigation, and good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. <u>Approval of Settlement Agreement.</u>  The Settlement Agreement is approved.  As described in further detail below, the Settlement Agreement and the Settlement it incorporates are fair, reasonable, and adequate, with terms that are within the range of reasonableness.  The Settlement Agreement was entered into at arms'-length by experienced counsel and after extensive negotiations spanning months.  The Settlement Agreement is not the result of collusion.

2. <u>Defined Terms.</u>  The Court, for purposes of this Final Order, adopts all defined terms as set forth in the Settlement Agreement.

3. <u>Jurisdiction</u>.  For purposes of the settlement of the Litigation, the Court has subject matter and personal jurisdiction over the Parties, including all Class members, and venue is proper.

4. <u>Class Certification for Settlement Purposes Only</u>.  The Court finds and concludes that, for the purposes of approving this Settlement only and for no other purpose and with no other effect on the Litigation should the proposed Settlement Agreement not ultimately be approved or should the Effective Date not occur, the proposed Rule 23(b)(2) Settlement Class meets the requirements for certification under Rule 23 of the Federal Rules of Civil Procedure: (a) the Class is so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Class; (c) the claims or defenses of the Representative Plaintiffs are typical of the claims or defenses of the Class; (d) the Representative Plaintiffs and Class Counsel will fairly and adequately protect the interests of the Class; and (e) the Defendant has acted

on grounds that apply generally to the Class, so that final injunctive relief is appropriate respecting the Class as a whole.

5. The Court finds that approval of a Rule 23(b)(3) damages class would be inappropriate given the likely difficulty in certifying and, if certified, maintaining a damages class under Rule 23(b)(3). Were the Plaintiffs to seek certification of a Rule 23(b)(3) damages class, they would face challenges that include, but are not limited to, the difficulties caused by the fact that the packaging claims evolved over the course of the Class Period and changed at different times for different Class members, several of the challenged labeling statements are not actionable due to federal preemption, and the Class members did not pay a uniform price for the Products.

6. The Court certifies, for settlement purposes only, a Class consisting of all persons and entities who purchased one or more of the Products, identified in Exhibit D to the Settlement Agreement, a copy of which is attached to this order as Exhibit A, in the United States during the period February 3, 2006 through the Opt-Out Date. Excluded from the Class are: (a) persons or entities who purchased the Products for the purpose of resale or distribution; (b) persons who are employees, directors, officers, and agents of Defendant or its parent or subsidiary companies; (c) governmental entities; (d) persons who timely and properly exclude themselves from the Class as provided in the Settlement Agreement; and (e) any judicial officer hearing this Litigation, as well as their immediate family members and employees.

7. <u>Adequacy of Representation</u>. The Court reaffirms the appointment of plaintiffs Victor Guttmann, Sonya Yrene, and Rebecca Yumul as Class Representatives, and finds that these Plaintiffs have adequately represented the Class for purposes of entering into and implementing the Settlement Agreement. The Court reaffirms the appointment of Gregory Weston and Jack Fitzgerald of the Weston Firm PC and Ronald Marron of the Law Offices of Ronald A. Marron, APLC as Class Counsel and finds that Class Counsel has adequately represented the Class for purposes of entering into and implementing the Settlement Agreement.

8. <u>Class Notice</u>.  The Court finds that the dissemination of the Notice to Class Members in accordance with the terms of the Settlement Agreement and this Court's Preliminary Approval Order constituted the best notice practicable under the circumstances and fully met the requirements of Due Process.  The Class Members have received proper notice of:  (i) the pendency of this class action; (ii) the terms of the proposed Settlement, including the Release; (iii) their rights under the proposed Settlement; (iv) their right to exclude themselves from the Class and the proposed Settlement; (v) their right to object to any aspect of the proposed Settlement; (vi) their right to appear at the Fairness Hearing; (vii) information concerning attorneys' fees and costs and incentive awards that would be applied for at the Fairness Hearing, including how to review those applications in advance of the Opt-Out Deadline; and (viii) the binding effect of the Final Judgment and Order in this Litigation.

9. <u>CAFA Notice</u>.  The Court finds that Defendant provided notice of the proposed Settlement to the appropriate state and federal government officials pursuant to 28 U.S.C. § 1715.

10. <u>Requests for Exclusion</u>.  Attached hereto as Exhibit B is the list of persons or entities who submitted timely and valid Requests for Exclusion from the Class.  The Court finds that only those persons and entities listed in Exhibit B are excluded from the Class.  All other Class Members are bound by the Settlement Agreement.

11. <u>Final Settlement Approval</u>.  The terms and provisions of the Settlement Agreement have been entered into in good faith and are hereby fully and finally approved as fair, reasonable, and adequate as to, and in the best interests of, the Plaintiffs and the Class Members, and in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, CAFA, the United States Constitution (including the Due Process Clause), and any other applicable law.  The Court finds that the Settlement Agreement is fair, adequate and reasonable based on the following factors, among other things:

      a.    There is no fraud or collusion underlying this settlement, and it was reached as a result of extensive arms'-length negotiations, occurring over the course of several months, including in-person mediation sessions with a respected mediator, Judge Leo S. Papas (Ret.), warranting a presumption in favor of approval.

      b.    The complexity, expense and likely duration of the litigation favor settlement—which provides meaningful benefits on a much shorter time frame than otherwise possible—on behalf of the Class.

      c.    The support of Class Counsel, who are highly skilled in class action litigation such as this, and the Plaintiffs, who have participated in this litigation and evaluated the Settlement Agreement, also favor final approval.

      d.    The Settlement provides meaningful injunctive relief to the Class and falls within the range of possible recoveries by the Class.

The Settlement is approved and all objections to the Settlement are overruled as without merit.

12.    <u>Binding Effect</u>.  The terms of the Settlement Agreement and of this Final Order shall be forever binding on the Parties and all Class Members, as well the Class Members' heirs, guardians, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, and assigns, and those terms shall have *res judicata* and other preclusive effect in all pending and future claims, lawsuits or other proceedings maintained by or on behalf of any such persons, to the extent those claims, lawsuits or other proceedings involve matters that were or could have been raised in the Litigation or are otherwise encompassed by the Release.

13.    <u>Settlement Consideration</u>.  Defendant will provide the Class with injunctive relief by way of the modification of the ingredients for the Products as set forth in Section 4 of the Settlement Agreement and hereby expressly incorporated into this Final Order.

14.    <u>Release</u>.  In return for the Settlement Consideration set forth above, Plaintiffs will provide Defendant with the Release set forth in Section 7 of the

Settlement Agreement and hereby expressly incorporated into this Final Order. By this Final Judgment and Order, the Class Representatives shall release, relinquish, and discharge, and each of the Class Members shall be deemed to have, and by operation of the Final Judgment and Order shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims, which include:

> With the exception of claims for Personal Injury that resulted in actual bodily harm, any and all causes of action, claims, suits, debts, damages, judgments, liabilities, demands and controversies of every nature and description whatsoever— whether now known or unknown, asserted or not asserted, matured or unmatured, liquidated or unliquidated, at law or in equity, for injunctive relief or damages, whether before a local, state or federal court, or state or federal administrative agency, commission, arbitrator(s) or otherwise—that the Class Members now have or may have, and for all times up to and including the Effective Date of the Settlement, for all claims that were or could have been asserted relating to the Products. Plaintiffs (on behalf of themselves and the Class Members) also knowingly, expressly, and voluntarily waive all rights under Section 1542 of the California Civil Code (or similar laws of other States). This Release includes all claims that any Representative Plaintiff and/or any Class Member (or Plaintiffs' and/or Class Members' respective heirs, guardians, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, and assigns) has or may have against the Released Persons arising out of, in connection with, or related in any way, directly or indirectly, to Defendant's advertising, marketing, packaging, labeling, promotion, manufacture, distribution, and/or sale of the Products, that have been brought, or could have been brought, in the Litigation against the Released Persons. The Released Claims shall be construed as broadly as possible to effect complete finality over this Litigation.

15. <u>Enforcement of Settlement</u>. Nothing in this Final Order or in the accompanying Final Judgment shall preclude any action to enforce the terms of the Settlement Agreement.

5

16. <u>Retention of Jurisdiction</u>. The Court reserves exclusive and continuing jurisdiction over the Litigation, the Class Representatives, the Class Members, and Defendant for the purposes of supervising the implementation, enforcement, construction, administration, and interpretation of the Settlement Agreement and Final Judgment and Order and to resolve any and all disputes that may arise thereunder.

17. <u>No Admissions</u>. Neither this Final Order nor the Settlement Agreement, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the Settlement is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claims, or of any wrongdoing or liability of Defendant or any other Released Person; or is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of Defendant or any other Released Person in any civil, criminal, or administrative proceeding in any court, administrative agency or other tribunal. Any party to this Litigation or any other Released Person may file this Settlement Agreement and/or the Judgment in any action that may be brought against it in order to support any defense or counterclaim, including without limitation those based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

18. <u>Dismissal of Litigation</u>. The Litigation (including all individual and Class claims presented therein) is hereby dismissed on the merits and with prejudice.

19. <u>Attorneys' Fees and Expenses and Incentive Awards</u>. The Court will issue a separate Order with respect to attorneys' fees and expenses and incentive awards to the Representative Plaintiffs.

20. In the event that the Effective Date does not occur, certification of the Class shall be automatically vacated and this Final Order, the Final Order Approving Attorneys' Fees and Expenses and Incentive Awards, and the accompanying Final Judgment, and all other orders entered and releases delivered in connection herewith, shall be vacated and shall become null and void.

IT IS SO ORDERED.


DATED:  7/29/14                          _____
The Honorable Richard Seeborg
UNITED STATES DISTRICT JUDGE

**Exhibit A – Products**

The following varieties of Quaker Oatmeal to Go Bars:

- Apples & Cinnamon
- Banana Bread
- Brown Sugar & Cinnamon
- High Fiber Maple & Brown Sugar
- Oatmeal Raisin
- Raspberry Streusel

The following varieties of Instant Quaker Oatmeal:

- Peaches & Cream
- Strawberries & Cream
- Bananas & Cream
- Blueberries & Cream
- Reduced Sugar Strawberries & Cream
- Reduced Sugar Peaches & Cream
- Reduced Sugar Fruit & Cream Variety Pack
- Apples & Cinnamon
- Bakery Favorites – Banana Bread
- Chocolate Chip
- Cinnamon Roll
- Honey Bun
- Cinnamon & Spice
- Maple & Brown Sugar
- Maple & Brown Sugar (Organic)
- Original
- Raisin Date & Walnut
- Raisin & Spice
- Bakery Favorites – Cinnamon Roll

- Low Sugar Maple & Brown Sugar
- Low Sugar Apples & Cinnamon
- Weight Control Maple & Brown Sugar
- Weight Control Banana Bread
- High Fiber Maple & Brown Sugar
- High Fiber Cinnamon

The following varieties of Quaker Chewy Bars:

- Chocolate Chip
- Peanut Butter Chocolate Chip
- S'mores
- Reduced Sugar Chocolate Chip
- Reduced Sugar Peanut Butter Chocolate Chip
- 90 Calorie Peanut Butter
- 90 Calorie Low Fat Chocolate Chunk
- Reduced Sugar Cookies & Cream
- Nestle Crunch
- Nestle Butterfinger
- Cookies & Milk Chocolate Mint
- Dark Chocolate Cherry
- Cookies & Milk
- Peanut Butter
- 90 Calorie Low Fat Honey Nut
- Low Fat Maple Brown Sugar
- Low Fat Cinnamon Sugar
- Low Fat Baked Apple
- Low Fat Oatmeal Raisin

9

**Exhibit B** – List of Persons Who Timely and Properly Requested Exclusion