**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE QUAKER OATS LABELING LITIGATION | Case No.: 5:10-CV-00502-RS<br>Class Action<br><br>[~~PROPOSED~~] **ORDER GRANTING MOTION FOR ATTORNEY FEES, COSTS, AND AWARDING CLASS REPRESENTATIVE INCENTIVE AWARDS**<br><br>Judge: The Hon. Richard Seeborg |

Before the Court is Plaintiffs' Motion for Attorney Fees, Costs, and Class Representative Incentive Awards. Having fully considered the Motion, the Court finds as follows:

1. The claims in the operative First Amended Consolidated Complaint (Dkt. No. 102) arose under the laws of California. Accordingly, California law applies to the motion. *Champion Produce, Inc. v. Ruby Robinson Co.*, 342 F.3d 1016, 1024 (9th Cir. 2003).

2. Plaintiffs invoke the fee-shifting provisions of California's Private Attorney General Statute, Cal. Code Civ. P. § 1021.5, and Consumers Legal Remedies Act, Cal. Civ. Code § 1780(e), under which the Court awards fees to a "prevailing" or "successful" party.

3. The Court finds Plaintiffs are "prevailing" and "successful" parties within the meaning of these statutes.

1

*In re Quaker Oats Labeling Litig.*, No. 5:10-cv-00502 RS
[PROPOSED] ORDER GRANTING MOTION FOR ATTORNEY FEES, COSTS, AND INCENTIVE AWARDS

4. Plaintiffs present evidence that, as a result of the lawsuit, Quaker agreed to modify its business practices as follows: (a) Quaker agreed to remove partially hydrogenated oils ("PHOs") from its Oatmeal to Go and Instant Oatmeal Products that currently contain PHOs by December 31, 2015 and not to reintroduce PHOs for a period of ten years; (b) it agreed not to introduce PHOs into its Chewy Bar Products (which do not currently contain PHOs); and (c) it agreed to cease making the statement "contains a dietarily insignificant amount of *trans* fat" on the label of any of the Products at issue in this action which still contain more than 0.2 grams of artificial trans fat per serving by December 31, 2014.

5. The Court further finds this suit and settlement conferred "a significant benefit, whether pecuniary or nonpecuniary, . . . on the general public or a large class of persons," Cal. Code Civ. P. § 1021.5(a). Plaintiffs present evidence that Quaker's reformulation of the challenged Products will benefit public health.

6. The settlement agreement states that Quaker will pay up to $760,000 in fees and costs. Class Counsel calculate their lodestar as $743,379 at the time of the filing of their motion, comprised of 1,116.2 attorney hours and 582.8 paralegal and law clerk hours, and further attest that their lodestar will be above their requested fee of $749,044.71 by the conclusion of this case, as it does not include time spent on the motion for final approval, attending the Fairness Hearing, and responding to any objections or appeals.

7. Counsel's rates are as follows:

| Attorney | Position | Hourly Rate |
|---|---|---|
| Jack Fitzgerald | Partner | $580 |
| Ronald A. Marron | Partner | $715 |
| Gregory S. Weston | Partner | $580 |
| Courtland Creekmore | Associate | $500 |
| Kas Gallucci | Associate | $400 |
| Paul K. Joseph | Associate | $305 |
| Erin Minelli | Associate | $400 |

2

*In re Quaker Oats Labeling Litig.*, No. 5:10-cv-00502 RS
[PROPOSED] ORDER GRANTING MOTION FOR ATTORNEY FEES, COSTS, AND INCENTIVE AWARDS

| Attorney | Position | Hourly Rate |
|---|---|---|
| Melanie Persinger | Associate | $340 |
| Maggie Realin | Associate | $400 |
| B. Skye Resendes | Associate | $440 |
| Margarita Salazar | Associate | $450 |
| Alexis Wood | Associate | $425 |
| Law Clerks | | $290 |
| Marron / Weston Paralegals | | $215 / $205 |

8. Counsel's rates are supported by competent evidence of rates charged by attorneys of comparable experience, reputation, and skill in the Northern District of California, as well as Southern California where rates are comparable. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984); *Ketchum v. Moses*, 24 Cal. 4th 1122, 1133 (2001). Plaintiffs also cite as evidence of the reasonableness of counsel's rates relevant survey data, and a calculation of a "blended rate" of 437.54 ($743,379 divided by 1,699 hours), which is in line with blended rates approved in other similar cases. These rates and hours billed are reasonable.

9. Plaintiffs also request reimbursement for certain statutory costs pursuant to Cal. Code Civ. P. § 1033.5(a)(1), (3), (4), and (7), in the amount of $1,077.50, and costs reasonably necessary to conduct the litigation, pursuant to § 1033.5(c), in the amount of $9,877.79. The Court has reviewed Plaintiffs' summary of these costs and finds them reasonable and justified.

10. The request for approval of $750 incentive awards to each of the three settlement class representatives is reasonable

11. Accordingly, and for good cause shown,

**IT IS HEREBY ORDERED**:

A. The Court approves attorney fees and costs in the amount of $760,000;

B. The Court approves incentive awards of $750 each to Class Representatives Guttmann, Yrene, and Yumul;

3

*In re Quaker Oats Labeling Litig.*, No. 5:10-cv-00502 RS
[PROPOSED] ORDER GRANTING MOTION FOR ATTORNEY FEES, COSTS, AND INCENTIVE AWARDS

C. Quaker is instructed to pay these amounts as specified in the Settlement Agreement

**IT IS SO ORDERED.**

DATED:   7/29  , 2014        _____
                                                     The Honorable Richard Seeborg
                                                     U.S. District Court Judge

4

*In re Quaker Oats Labeling Litig.*, No. 5:10-cv-00502 RS
[PROPOSED] ORDER GRANTING MOTION FOR ATTORNEY FEES, COSTS, AND INCENTIVE AWARDS

| | |
|---|---|
| 1  Dated: May 13, 2014 | Respectfully Submitted, |
| 2 | /s/Gregory S. Weston |
| 3 | Gregory S. Weston |

**THE WESTON FIRM**
GREGORY S. WESTON
JACK FITZGERALD
MELANIE PERSINGER
PAUL K. JOSEPH
1405 Morena Blvd., Suite 201
San Diego, CA 92110
Telephone:  (619) 798-2006
Facsimile:   (480) 247-4553

**LAW OFFICES OF RONALD A. MARRON, APLC**
RONALD A. MARRON
SKYE RESENDES
ALEXIS M. WOOD
651 Arroyo Drive
San Diego, CA 92103
Telephone:  (619) 696-9006
Facsimile:   (619) 564-6665

*Class Counsel*